PEOPLE *v.* BUSTER, LATE COUNTY TREASURER OF SONOMA COUNTY, AND HIS SURETIES.

A surety has a right to stand on the precise terms of his contract. He can be held to no other or different contract.

In the case of sureties on the official bond of a County Treasurer, they all contract together, and with reference to the common responsibility. In case of a breach or loss, each surety has his recourse for contribution on his fellows. The discharge of one of the obligors affects the contract as to all, and amounts to a release of all as to all future acts of such official.

Statutes in derogation of common law principles are construed with strictness, and sureties are favored in the law.

APPEAL from the District Court of the Seventh Judicial District, County of Sonoma.

A statement of the facts appears in the opinion of the Court.

*Attorney General* for Appellants.

The only serious question urged by respondents, as we understand, is to this effect: "That a discharge of one surety operated as a discharge of the whole."

In answer to which we say:

1st. That the discharge in the outset was void, because made by a Judicial officer, when the act was merely ministerial; and

2d. That the bonds given subsequent to the first were merely cumulative, and were the voluntary acts of defendants, made for the benefit of plaintiff, and not the sureties upon the original instrument or instruments.

The sections of the Act under which the proceedings of the pretended discharges were had, do not require the hearing of any evidence, or the doing of any act necessary to form an opinion in the nature of a judgment, and in fact require nothing in its nature judicial, but merely impose the performance of a certain act by the County Judge, upon presentation of a certain affidavit showing a state of facts named to him; he makes no inquiry in regard to the matter, does not hear the respective parties, and does not hear evidence or argument from the applicant, therefore the act is only ministerial.

We can see but little difference between the act spoken of and those

usually conferred upon Boards of Supervisors; which latter this Court has determined could not be performed by the Courts of Sessions, because they were not judicial in their character.

That the act is ministerial, see 1 Kelly's Rep., page 579 (Georgia). The bonds are cumulative. See 9th Iredell, (N. C.) 71.

The language of the Act is, that *any surety* may apply for a discharge, leaving it optional with each and every one to make application, or not, as he might deem proper; and the bond being several, as well as joint, it cannot be objected that the relation of the sureties to each other is so affected as to render the instrument inoperative after the discharge of one. Section 211, page 77, Wood's Digest.

*Baker & Howard* for Appellants.

1st. It is manifest that the Legislature intended that the bond should remain in force as to all parties not discharged by the Court, and that the new bond is merely additional security acquired to the State or county. The discharge, in the language of the statute, is expressly limited to the sureties applying to be discharged. Wood's Digest, p. 79, art. 227.

2d. The general principle of law is, that a discharge of one surety by the obligee is a discharge of all. But it is submitted, that it would be competent for the Legislature, as to all future contracts, to change the rule, and parties would be held to contract with reference to the law. The rule has been changed in this State as to sureties on official bonds.

3d. The statute which authorizes the County Judge to discharge one surety and take another in his place, is prior in date to the execution of the bond in this case, and therefore the obligors contracted that, as to their co-obligors, they might be discharged and new obligors substituted to their liability. This is as much a part of the contract as though it had been expressly incorporated into the bond. The Act of the Legislature is as much a part of the bond, and enters as fully into the contract, as though it had been recited in the bond in precise terms. McCracken v. Hayward, 2 How. U. S. R. 612.

4th. The discharge of the surety in this case is not the act of the obligor, but the act of the law; and it was the act of the defendants

to elect to remain in the bond, and not join in the application for a discharge.

5th. If the law enters into the contract, the substitution of the new bond did not vary the contract, or change the security or liability, without the consent of the obligor.   He consented to the terms of the law, and therefore to the substitution of a co-obligor, by means of a new bond.

*Campbell & Pratt* for Respondents.

*First*—That a discharge of one surety on a joint and several bond, at common law, releases all the other co-sureties.   Burchard *v.* Dias, 3 Denio R. 238.

*Second*—That this rule applies to bonds made to Government, under statutes, as well as to common law bonds.   *Ibid*, 238 ; The State *v.* Polke *et al.*, 7 Blackst. R. 27 ; Davis *v.* The People, 1 Gilman R. 409 ; The People *v.* Brown, 2 Doug. R. 9.

*Third*—That all the defendants, sureties, are discharged by the release of a portion of the number, and the approval and filing of new bonds.   Wood's Digest, p. 77, art. 205.   Official bonds of County officers to be approved by County Judge.

*Idem*, p. 80, art. 231, sec. 2, (under which the releases in these cases were made) authorizes any surety on the official bond of a County officer to be relieved from subsequent liabilities in the mode prescribed.

When the office shall be declared vacant, " unless within ten days such officer shall give (not a sufficient bond to make up for the deficiency occasioned by the retiring of the applicant bondsman, but) good and ample security for the discharge of his official duties, as required originally."

The Legislature would seem to have recognized the discharge of *all* the former sureties, and the necessity of new security, as " ample " as required " originally."

It can scarcely be contended, that the effect of the release of one surety should be to give the county greater security than it had originally ; and yet this would be the effect if the new security, although " ample," should be held to be merely cumulative, and additional to

14

that claimed to be remaining in force against the non-applying bondsmen.

It is contended by plaintiff, on the authority of McCracken *v.* Hayward, that as defendants contracted with plaintiff, after the passage of the law authorizing the discharge of one or more sureties, the right of any portion of the sureties to such discharge became an element of the contract ; and that knowing this, they agreed to remain and did remain, in law, liable, notwithstanding the discharge of their co-sureties.

The authority cited fails to establish the principle contended for.

Every co-surety in a common law bond contracts with full knowledge that the obligee can release any one of the sureties, and that the legal effect would be the discharge of all. And yet this principle of the common law cannot be urged as a reason why a surety is not discharged by the release of his co-surety.

The force of this last statement would seem to have been apprehended, as plaintiff is obliged to urge that the discharge of the sureties applying is not the act of the obligee, but of the law. It could with equal force be contended, that the release of one co-surety on a common law bond, through an authorized agent, is the act of the law. The County Judge is the authorized agent of the plaintiff in this behalf. In either case, the release is the act of the obligee, by his or its agent, the law merely declaring the effect of such act.

There is no privity of action among the sureties ; it may equally as well be urged, that the sureties not applying for their discharge elected to avail themselves of the release resulting by law from the discharge of their co-sureties.

BALDWIN, J., delivered the opinion of the Court — FIELD, J., concurring.

This was an action brought against defendants as sureties on the official bond of one Buster, as Treasurer of Sonoma County. The breach alleged in the non-payment of certain moneys received by the Treasurer, and the defense set up is, that a portion of the sureties were discharged by proceedings taken in pursuance of the statute, and that the defalcation occurred after the release of such sureties and the giv-

People *v.* Buster.

ing of a new bond with other sureties. The Court below found, as matter of fact, that this defense was well founded, and as matter of law, that this released the co-sureties. The record shows that two or more of the sureties on the original bond applied to the Judge of the County Court to be released from their liability ; that the Treasurer was ordered by the Judge to give a new bond, which he did, with Fisher and Ward as his sureties, and that the Judge received and approved the new bond, and formally released these sureties.

The provisions of the statute are as follows :

" ARTICLE 231, SECTION 2.—Any surety on the official bond of a city, county, or State officer, may be released from the liabilities thereon, afterwards accruing, by complying with the following provisions of this Act :

" SECTION 3. Such surety shall file with the Court, Judge, Board, officer, person or persons authorized by law to approve such official bond, a statement in writing setting forth the desire of the said surety to be relieved from all liabilities thereon afterwards arising, and the reasons therefor, which statement shall be subscribed and verified by the affidavit of the party filing the same.

" SECTION 4. A copy of the statement shall be served on the officer named in such official bond, and due return or affidavit of service made thereof, as in other cases.

" SECTION 5. In ten days after the service of such notice, the Court, Judge, Board, officer, person or persons with whom the same may be filed, shall make an order declaring such office vacant, and releasing such surety from all liability thereafter to arise on such official bond, and such office shall thereafter be held in law as vacant, and be immediately filled by election or appointment, as provided for by law, as in other cases of vacancy of such office, unless such officer shall have, before that time, given good and ample surety for the discharge of all his official duties as required originally.

" ARTICLE 232, SECTION 6. This Act shall not be so construed as to release any surety from damages or liabilities for acts, omissions or causes existing, or which arose before the making of such order, as aforesaid, but such legal proceedings may be had therefor, in all respects, as though no order had been made under the provisions of this Act." (Wood's Digest, p. 80.)

If we concede that the release of one surety by these statutory proceedings discharges the bond as to all, then the case is with the defendants. No order declaring the office vacant, after the application of these sureties for a discharge, was made. This omission of the Judge, however, would not affect the sureties. The question then arises as to the effect of this application and discharge of those sureties who were released, upon their associates. The defalcations complained of occurred after the release of these sureties. A surety has a right to stand on the precise terms of his contract. (10 John. R.) He can be held to no other or different contract. In this case, the sureties all contracted together and with reference to the common responsibility. In case of a breach or loss, each surety had his recourse for contribution upon his fellows. The discharge of any one of the obligors affected the contract as to all. It made it, indeed, a different contract from that made by the parties.

The authorities which sustain these principles are numerous and decisive. (Averill *v.* Lyman, 18 Pick. 346 ; Goodman *v.* Smith, *Ib.* 416 ; Canegie *v.* Morrison, 2 Met. 381 ; Wiggins *v.* Tudor, 23 Pick. 434 ; Crane *v.* Alling, 3 Greenl. 423 ; United States *v.* Thompson, Gilpin, 614 ; 14 Pick. 123 ; 17 Mass. 581 ; 13 *Ib.* 148 ; 7 Vermont, 324 ; 7 Johns. 207 ; 3 Denio, 238 ; 1 Gilman, 409 ; 7 Blackf. 27.)

If there were any doubt that the mere discharge of these sureties discharged the rest from liabilities accruing after their discharge, we think that the statute making it the duty of the Judge, when the application is made by a surety, as in this case, to declare the office vacant unless the new bond required be given, removes all difficulty. The Act contemplates that the new bond will be an ample security, and that no further acts will be done by the officer after the order declaring the vacancy, unless and until he executes the new bond. It does not appear by the statement of the case that the money, for embezzling which this action is brought, was in the hands of the officer before or at the time of these releases of these discharged sureties ; but on the contrary, it appears that the funds were received by him afterwards.

The counsel for the appellant contends that the last bond is merely cumulative. We think, however, that neither the language nor the reason of the law supports the argument. The general statute in rela-

tion to official bonds in those provisions (Wood's Dig. pp. 78, 79) which require new bonds in certain cases, expressly declares that the original shall not be discharged or affected when the additional bond is given.    The omission of this provision in the sections which touch cases like this is significant to show that a different intention existed. If such had been the intent, probably the Legislature would have only required the substitution of new sureties in the place of those applying for release; as it would not, probably, have been considered reasonable to multiply sureties upon every case of individual application for discharge.    But when a new bond is required to be executed and approved, " in like manner as the original," it can scarcely, in such cases as this, be inferred that the Legislature meant to continue in force the old bond as a security for future liabilities, especially when that would be to innovate upon the established principles of the common law, by holding the contract binding after its terms had been essentially changed.    Statutes in derogation of common law principles are construed with strictness, and sureties are favored in the law.

We are referred to but one case by the Attorney General; that of Poole *v.* Cox, in 9 Iredell, 71; but neither the facts nor the reasoning of that case are in point.    The Court says : " The new bonds are not required for the relief of the sureties upon the first bonds, but are taken for the benefit of those who may be concerned in the proper discharge of the duties of the office; and when the office is to continue for more than a year, it was presumed that the bonds taken at first might become insufficient from the insolvency of the sureties or other causes; hence the Legislature took the precaution to require new bonds to be given from time to time, and the Courts, in order to give effect to the intention of the law makers, consider the new bonds not as taking the place of the old ones, but as addditional thereto." The reasoning certainly has no application to the case before us, where, by a release of a portion of the sureties, a new contract is made for the rest, and they required to abide by the more onerous terms of the last contract.    Although we do not dispute the proposition of the learned counsel, that the Legislature might have provided, by law passed prior to the making of this contract, that it should have this effect, yet we must look for some clear evidence that this was the

Legislative design. The case in N. C. was merely the case of a Sheriff elected for two years, and giving bonds, and afterwards, in conformity with a law requiring a renewal of his bond, executing another bond, it was *held*, that the last bond was not in substitution of the first.

The consequences of the doctrine contended for might subject sureties to risks they never contemplated; for if twenty signed a bond, and nineteen should be secretly discharged—and no notice is necessary—the remaining surety might be bound for all the liabilities of the officer; or if not all, the effect would be to make him a co-surety with subsequent obligors, with whom he never consented to be bound.

The judgment below is affirmed.