## WRATTEN *v.* WILSON.

In an action in a Justice's Court to recover personal property valued at less than two hundred dollars, the fact that plaintiff in his complaint prays a recovery, in addition to the property or its value, of damages in the sum of two hundred dollars, does not deprive the Court of jurisdiction.   The prayer for damages may be stricken out or disregarded.

To justify the issuing of a writ of *certiorari* from the District Court, to review proceedings in an action which has passed to judgment in a County Court, on the ground that the latter Court had no jurisdiction by reason of the excess

of the amount in controversy, the affidavit by the applicant must state the amount of the judgment rendered. The question of jurisdiction depends upon the amount of the judgment, and not upon the amount prayed for in the complaint.

APPEAL from the Seventh Judicial District.

The facts are stated in the opinion.

*John Currey*, for Appellant.

I.   If it be conceded that the prayer is for a greater judgment than the Court had authority to grant, still that cannot determine the question of jurisdiction, because the plaintiff must recover, if at all, according to the averments of his complaint, and not according to what he may ask in the prayer of his complaint. (*Sterling* v. *Hanson*, 1 Cal. 478 ; *Benedict* v. *Bray*, 2 Id. 256 ; *Rollins* v. *Forbes*, 10 Id. 299.)

If the complaint had shown that the Justice's Court had no jurisdiction the defect could have been reached by demurrer, or by objection in the nature of a demurrer. But an objection to the prayer of a complaint cannot be taken by demurrer. (*Rollins* v. *Forbes*, 10 Cal. 299.)

In *Van Etten* v. *Gilson* (6 Cal. 19), the plaintiff sought, in a Justice's Court, to recover the possession of a mining claim, and in conjunction therewith, prayed for damages for injuries done thereto by defendant. This Court held that the Justice's Court had no jurisdiction to give damages for an injury to the claim, or for its detention. But the Court further said : " His prayer for damages might have been stricken out, or might have been disregarded. It ought not to have turned him out of Court. The rule is ' *Utile per inutile non vitiatur.*' "

This decision was approved in *Grass Valley Mining Company* v. *Stackhouse* (6 Cal. 413).

So, in the case at bar, we say, if the prayer of the complaint was for an amount beyond the jurisdiction of the Justice's Court it ought to have been disregarded, and especially so, after verdict and judgment for less than the sum of two hundred dollars, and still more especially so as no objection was made respecting the jurisdiction of

the Justice's Court, or County Court, until after the two trials and verdicts in the action.

II.   Upon the hearing, the District Court ought to have directed a *supersedeas* of the writ of *certiorari;* for, upon such hearing, it appeared by the record of the County Court in the case, that the proceedings and judgment sought to be reviewed were undetermined in the County Court, as an application for a new trial, on the part of defendant, involving the questions raised and passed upon in this District Court, was pending and undetermined in said County Court.   (Rec. 31–38.)

That the District Court should have so directed, see (*The People* v. *Peabody*, 5 Abbott, 194 ; 26 Barb. 442 ; *Patchin* v. *Mayor of Brooklyn*, 13 Wend. 671 ; *Gray* v. *Schupp*, 4 Cal. 185 ; *Lynde* v. *Noble*, 20 Johns. 80).

If the County Court exceeded its jurisdiction in trying the action and giving judgment therein, it was competent to correct such error on the application to vacate the judgment which was pending before it when this writ of *certiorari* was granted ; and it is to be presumed the County Court would, upon the application to vacate the verdict and judgment, have corrected any error that might have intervened, if any error existed. (*Linhart* v. *Buiff*, 11 Cal. 280.)

*Hereford & Williams*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This was an application to the District Court for a writ of *certiorari* to the County Court of Sonoma County.   The affidavit of the defendant, Wilson, who applied for the writ, avers that one Boggs, a Justice of the Peace, rendered a judgment in the action in favor of the plaintiff against the defendant ; that he appealed therefrom to the County Court, where judgment was again rendered against him ; that the complaint in the action is for the recovery of personal property of the alleged value of one hundred and sixty-seven dollars and fifty cents, and it prays for judgment for the possession of the property, or the value thereof, to wit: one hundred and sixty-seven dollars and fifty cents, together with two hundred dol-

lars damages and costs of suit.   The District Court issued the writ and rendered a judgment reversing, setting aside, and annulling the judgment of the County Court, and for costs against the plaintiff, from which he appeals.

The affidavit on which the application for the writ of *certiorari* is founded is insufficient, as it does not set forth the amount of the judgments rendered either by the Justice of the Peace or the County Court.   That was an essential fact necessary to be averred in order to show that they had exceeded their jurisdiction.   The District Court, therefore, erred in granting the order for the writ.   The proceedings before the Justice of the Peace and in the County Court were set forth in the return to the writ, by which it appears that the former rendered a judgment for fifty-seven dollars and fifty cents, and the latter for twenty dollars and costs.   They did not therefore exceed their jurisdiction in rendering these judgments, and the mere fact that the plaintiff in his complaint prayed for the recovery of the property or its value, one hundred and sixty-seven dollars and fifty cents, with two hundred dollars damages and costs, did not render the judgments they entered an excess of jurisdiction.   The prayer for damages might have been stricken out or disregarded. It ought not to have turned him out of Court.   (*Van Etten* v. *Gilson*, 6 Cal. 19.)   The District Court therefore erred in reversing the judgment.

The judgment of the District Court is reversed, and the proceedings relating to the writ of *certiorari* are dismissed at the cost of the respondent.