## THE PEOPLE *v.* MARK A. EVANS *et als.*

29   429
78   157

APPROVAL OF OFFICIAL BONDS.—The Board of Supervisors of a county, after the passage of the Act of March 20th, 1855, became the body authorized by law to approve of the official bonds of County Treasurers.

DISCHARGE OF SURETIES ON OFFICIAL BOND.—The sureties on the official bond of a County Treasurer can be discharged from further obligation on the same only upon proceedings had before the Board or officer which, at the time of the discharge, has power to approve of the official bond of such officer.

OFFICIAL BOND OF COUNTY TREASURER.—A County Judge in 1861 had no jurisdiction to discharge the sureties on the official bond of a County Treasurer, or to approve of a new bond.

LIABILITY OF SURETIES ON OFFICIAL BOND.—The sureties on an official bond are liable under the statute, notwithstanding it was approved by the wrong officer or Board.

JUDGMENT IN SUIT ON JOINT AND SEVERAL BOND.—In an action upon a joint and several bond, where all the persons who sign it are made defendants in the complaint, the plaintiff may go to trial, if he elects so to do, before all the defendants are served, and may dismiss as to some of the defendants, and take judgment against the others.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The bond sued on was joint and several. There were four of the defendants who were not served with summons. The defendants served moved the Court to direct plaintiff to pro- cure service on those not served. This the Court refused to do. The District Attorney suggested the death of two of the defendants who had been served, and moved for judgment of discontinuance against them, which motion the Court granted. The defendants served, then moved for a judgment of discon- tinuance as to all the defendants, which the Court denied.

Plaintiff recovered judgment against the other defendants served with process, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader,* for Appellants, contended that the sure- ties on the old bond were discharged from their liability by the reception and approval of the new bond by the County Judge, and cited *Averill* v. *Lyman,* 18 Pick. 346 ; *Goodman* v. *Smith,* 18 Pick. 416 ; *Canegie* v. *Morrison,* 2 Metcalf, 381 ; *Wiggins* v. *Tudor,* 23 Pick. 434 ; *Crane* v. *Alling,* 3 Green- leaf, 423 ; *United States* v. *Thompson,* 1 Gilpin, 614 ; 7 Ver- mont, 324 ; 7 Johnson, 207 ; 3 Denio, 238 ; 1 Gilman, 409 ; 7 Blackford, 27. He also contended that the State had elected to treat the bond as joint by suing all parties on it, and cited 4 Pike, 509 ; 3 Cowen, 374 ; 6 Cal. 183 ; 2 Scammon, 36, 571 ; and that it was error to force the defendants served into trial, before all the defendants had been served.

*J. G. McCullough, Attorney-General,* for Respondents, argued that the County Judge had no power to discharge the sureties on an official bond of the Treasurer, nor to approve of a new bond, and cited *People* v. *Breyfogle,* 17 Cal. 509. He also contended that the bond being joint and several, the State might sue one or all or any intermediate number of the sure- ties, and that in suing all it was not bound to wait until all were served, and cited Practice Act, Secs. 15, 32, 146, 148 ; *People* v. *Love,* 25 Cal. 526–531 ; *Reed* v. *Calderwood,* 22 Cal. 465 ; and *People* v. *Jenkins,* 17 Cal. 503.

By the Court, SAWYER, J.

This is an action upon the official bond of the defendant, Mark A. Evans, to recover the balance of moneys which came into his hands as Treasurer of San Joaquin County, and which have not been paid over. Defendant, Evans, having been elected Treasurer of said county, and having qualified by taking the proper oath and filing the bond in such cases required, entered upon the duties of his office on the first Monday of October, 1859, and served the full term of two years. The bond was approved by the County Judge of San Joaquin County. On the 22d of July, 1861, L. R. Bradley, one of the sureties, gave written notice to the County Judge, who had approved the bond, that he desired to withdraw as surety, and be released from all liabilities that might thereafter arise, on the ground that he was afraid of sustaining loss if he remained longer on the bond. The notice was addressed to, and marked filed by, the County Judge, and also by "Edw. M. Howison, Clerk," and a copy served on defendant, Evans, the principal on the bond. Thereupon said Evans presented another bond with additional sureties, which was indorsed approved by the County Judge, and filed July 27th, 1861. There was no formal order discharging the sureties on the original bond. Appellants claim—and for the purposes of the decision it will be assumed to be true—that the evidence shows a settlement of Evans' accounts to have been made on the twenty-second of August—subsequent to the filing of the second bond.

The Court found defendant, Evans, to have been a defaulter at the expiration of his term of office, for the full amount claimed, and that the sum unpaid became due on the seventh of October, 1861. Judgment was accordingly entered against the appellants as sureties on the original bond. The principal question is, whether the sureties on the bond in suit were discharged by the filing of the second bond under the circumstances of this case.

The proceedings of Bradley to procure his discharge were

attempted to be had under the Act concerning sureties on official bonds, approved April 18th, 1853, which provides as follows, to wit:

"SEC. 2. Any surety on the official bond of a city, county or State officer may be relieved from liabilities thereon afterwards accruing by complying with the following provisions of this Act: ·

"SEC. 3. Such surety shall file with the Court, Judge, Board, officer, person or persons, authorized by law to approve such official bond, a statement in writing, setting forth the desire of the said surety to be relieved from all liabilities thereon afterwards arising, and the reasons therefor, which statement shall be subscribed and verified by the affidavit of the party filing the same.

"SEC. 4. A copy of the statement shall be served on the officer named in such official bond, and due return or affidavit of service made thereof, as in other cases.

"SEC. 5. In ten days after the service of such notice, the Court, Judge, Board, officer, person or persons, with whom the same may be filed, shall make an order declaring such office vacant, and releasing such surety from all liability thereafter to arise on such official bond, and such office shall thereafter be held · in law as vacant, and be immediately filled by election or appointment, as provided for by law, as in other cases of vacancy of such office, unless such officer shall have, before that time, given good and ample surety for the discharge, of all his official duties, as required originally.

"SEC. 6. This Act shall not be so construed as to release any surety from damages, or liabilities for acts, omissions or causes existing, or which arose before the making of such order as aforesaid, but such legal proceedings may be had therefor in all respects as though no order had been made under the provisions of this Act." (Laws 1853, p. 224.)

### Discharge of surety on official bond.

By the provisions of sections three and five the statement must be filed with, and the order declaring the office vacant

and the sureties discharged must be made by the " Court, Judge, Board, officer, person or persons authorized by law to approve such official bond." That is to say, the proceeding to obtain a valid discharge must be had before the officer or tribunal *authorized by law to approve the official bond* of such officer, and not by the tribunal or officer which *did, in fact, approve the bond.* It was so held—and we think correctly—in *People* v. *Scannell.* Scannell having been elected and qualified entered upon the duties of Sheriff of the County of San Francisco. Afterward Charles Cook, one of the sureties upon the official bond of Scannell, under the provisions of the Act now under consideration, presented his petition to the County Judge of said county praying to be relieved of all future liability on his bond. The County Judge made an order declaring the office vacant by reason of the failure of defendant to file a new bond as required by the order of the Judge. The bond on which Cook was surety, had been approved by the County Judge according to the law then in force. Subsequently, and before the application of Cook to be discharged, the Consolidation Act took effect, which required all bonds of county and city officers to be approved by the County Judge, Auditor and President of the Board of Supervisors. One of the questions in the case was, whether the proceeding before the County Judge to discharge the sureties of Scannell and declare the office vacant was valid. The Court say : " The defendant insists that the County Judge had no jurisdiction, and, therefore, the proceedings before him, upon the petition of Cook, were void, the Consolidation Act having taken from the County Judge the power to approve official bonds, and vested it in a Board of officers, of which he was only one of the members.

" This position would seem to be correct. The phrase, ' persons authorized by law to approve such official bond,' does not refer to the person who did in fact approve the particular bond, but it refers to the Board or person then authorized to approve ' such official bond '—that is, a Board of that character. If it had been the intention of the Act to confine

the jurisdiction of such cases to the same officer who approved the particular bond, then it would not have used language in the present tense, ' persons authorized to approve,' but would have said, ' persons who approved such bond.' The different provisions of the statute, when taken together, clearly sustain this view. The surety must proceed before the person or Board who would be authorized to approve the ' new bond,' in case the officer should execute one. The new bond, in this case, could only be approved by the County Judge, Auditor and President of the Board of Supervisors. The bonds of all officers of the City and County of San Francisco could only be approved by them; and Scannell was, after the taking effect of the Consolidation Act, by its own terms, strictly an officer of the city and county. As such, any official bond executed by him must be approved by the Board of Examiners, if I may properly so call them. The new sureties given by him in such case must possess the qualifications required by the fourteenth section. The bond to be given by him, upon the petition of Cook, was a new bond, to operate in future, and must come under the provisions of the Consolidation Act as to its approval and the qualifications of the sureties. If these views be correct, then the proceedings before the County Judge were void for want of jurisdiction, and the order made by him did not discharge Cook and did not affect the rights of the defendant in any manner whatever." (7 Cal. 436.)

*County Judge cannot discharge sureties on official bond of Treasurer.*

The proceeding in the case now under consideration was before the County Judge. The petition was addressed to and marked filed by him, and all the subsequent proceedings had in the matter were had before that officer. The bond in suit had been approved by the County Judge. Evidently the parties supposed the County Judge to be the officer before whom the proceedings must be had to procure a discharge of the sureties, and they acted accordingly. It becomes necessary to determine, then, whether the County Judge is the officer or person " authorized by law to approve such official bond ;"

in other words, whether he had jurisdiction to act in the matter. Section one of the "Act concerning the official bonds of officers," passed February 28th, 1850, provides that "the official bonds of Sheriffs, Coroners, Justices of the Peace and all other county officers shall be approved by the County Judge." (Laws 1850, p. 74.) But subsequently, on the 27th of March, 1850, "An Act concerning the office of County Treasurer" was passed, in which it was provided that "each County Treasurer * * * shall enter into a bond, with two or more sufficient freehold sureties, to the acceptance of the Court of Sessions of his proper county," etc. (Laws 1850, p. 115, Sec. 2.) And by the twenty-fifth section of the Act of March 20th, 1855, to create a Board of Supervisors, etc., the powers and duties of this nature were transferred from the Court of Sessions to the Board of Supervisors. In referring to these Acts, the Court say, in *People* v. *Breyfogle*, 17 Cal. 509 : " This Act of the 27th of March, 1850, is subsequent to the general Act imposing the duty of approving bonds of county officers upon the County Judge, and, as the Act is special, must be considered as superseding the more general provisions of the first in this regard." This case is not in conflict with *People* v. *Supervisors of Marin County*, 10 Cal. 345, or *People* v. *Buster*, 11 Cal. 218, as appellants' counsel seems to suppose. The observation in the first case had reference to a Constable's bond, which is properly approved by the County Judge. (Laws 1850, p. 263, Sec. 1, and Ib. p. 74, Sec. 1.) In *People* v. *Buster* the question was not made, and the attention of the Court and counsel does not appear to have been drawn to the provisions of the Act of March 27th, 1850, or the subsequent Act of 1855. It was assumed that some of the sureties were legally discharged, and the question was whether the discharge of a portion of the sureties on an official bond discharged them all. The Board of Supervisors, then, is the body authorized by law to approve of the official bonds of County Treasurers.

It follows that the County Judge had no jurisdiction in the proceeding to discharge the sureties, or to approve the new bond, and that his acts in the matter are void. The whole

proceeding having been taken before an officer having no jurisdiction under the statute, it was ineffectual to discharge the sureties or either of them from further liability on the bond. Nor does the fact that the bond sued on was also approved by the County Judge affect the question. The liability of the sureties on the bond does not depend upon the approval of the County Judge. Section eleven of the "Act concerning the official bonds of officers" provides that, "whenever * * * there shall be any defects in the approval or filing thereof, such bond shall not be void so as to discharge such officer and his sureties," etc. Under this provision the sureties were clearly liable upon the bond notwithstanding the defective approval, and the question is, not whether the sureties on the new bond are also liable, but whether the sureties have become discharged from their liability on the original bond, by virtue of the proceedings under the statute? We think it clear that they were not, for the provisions of the statute were not pursued.

For the purpose of the decision we have assumed the papers showing the state of facts relied on to discharge the sureties to be in evidence. They were offered as a whole, and with their indorsements show precisely what was done, viz: the state of facts assumed. But this state of facts is wholly ineffectual to discharge the appellants from their liability as sureties on the bond. They do not establish, or tend to establish a defense to the action, and there was no error in excluding the documents.

The other points made as to the suit being dismissed as against some of the defendants, and as to proceeding to trial and judgment upon the issues joined by appellants, without waiting for service upon other defendants, are answered by Sections 15, 32, 146 and 148 of the Practice Act. (See also *People* v. *Love*, 25 Cal. 526–31 ; *Reed* v. *Calderwood*, 22 Cal. 465.)

The judgment must be affirmed, and it is so ordered.

Mr. Justice RHODES was absent at the argument of this case, on account of sickness in his family, and consequently did not participate in the decision.