By the Court.—Monell, Ch. J.
I think the learned judge below was in error in supposing that this action is upon the instrument or agreement set out in the complaint.
That is an agreement between the stockholders of the Frostburgh Coal Company, in which they agreed, among themselves with the Consolidated Coal Company, to transfer the property of the former company to the latter company. It contains no covenant or obligation which can be enforced by the creditors, and therefore no cause of action can be predicated upon it. The parties to it, comprising all the stockholders, had a right, probably, to make such an agreement, and to transfer to the other company all the property owned by them. They not only represented, but actually owned the company, and were not bound to consult the-wishes or obtain the consent of any one. And, doubtless, by such transfer the new company obtained a good title, not only as against the old company, but, also as against the creditors of the old company.
But while the stockholders could lawfully make the-transfer, it by no means follows that they are exempt from liability to the creditors of the old company, if by reason of this act, the creditors were deprived of the means of collecting their debts,
*514 The stockholders of a corporation, who are in the actual possession of, and have under their immediate control, the property of the corporation, are trustees, in respect to such property, of the creditors of the corporation ; and any act of theirs, in disposing of such property, to the prejudice and injury of the creditors, will render them liable to the creditors.
Mr. Justice Story, among the implied trusts mentions (2 Story Eq. § 1252), the case where the property of a private corporation is deemed a trust fund for the payment of the debts of the corporation. He says, creditors have a lien or right of priority of payment on it; and if the corporation is dissolved, the creditors may enforce their claims against any property of the corporation which has not passed into the hands of a tona fide purchaser, “ for such property will be held affected with a trust primarily, for the creditors of the company.” And see Mumma v. The Potomac Co. (8 Peters, 286).
It is quite clear, I think, that the only cause of action set forth in the complaint, grows out of the act of the defendants, as trustees of an implied trust, in disposing of the company’s property, and the only reason or purpose for setting out the agreement was, to furnish the evidence of the breach of the trust with which the defendants were charged ; and not as laying a foundation for the action. So that, had it been left out, and the allegation had merely been, that having possession of the company’s property, the defendants had transferred a portion, and converted another portion, the complaint would have sufficiently stated what I regard as the only cause of action. And for such a cause, an action is maintainable (Tinkham v. Borst, 31 Barb. 407; Bangs v. Blue Ridge R. Co. 45 How. Pr. R. 169 ; Mann v. Pentz, 3 N. Y. R. 415).
In Mann v. Pentz, it was held that the creditors of a *515 dissolved corporation had a remedy against the stockholders to recover their unpaid subscriptions, on the ground that “ the capital stock of a corporation is a trust fund for the security of its creditors.” Referring to some cases in Massachusetts, and to Nathan v. Whitlock (9 Paige, 152), Judge Pratt says (p. 433) “In these cases, the corporations had attempted to distribute their stock among their stockholders, leaving debts against the corporation unpaid, and it was held, that creditors in proper suits might compel such stockholders to refund sufficient to pay these debts.”
The case of Tinkham v. Borst was very much like this case. The defendant, the principal, if not indeed the only stockholder of a corporation, appropriated its assets to his own use, leaving debts of the corporation unpaid, and it was held the creditors had a lien on its assets for the payment of their debts, and could maintain the action. And, although in that case the defendant was charged with a fraudulent conversion of the assets, Judge Mullir says (p. 411) it is not material how they came into his hands, unless the holder has acquired a higher or better equity to such assets than the creditors. Nor is it material whether the person holding them, came by them fairly, or by force or fraud.
Having ascertained the nature of the stockholder’s liability, let us see whom the creditor’s must, or may, pursue to enforce it.
The disposition of the assets of the corporation by the stockholders, was alleged to have been their joint act. They all united in the transfer, and for such act they rendered themselves liable for a breach of the trust which, in respect to such property, had been raised in favor of creditors.
At law it is probable that a joint action only could be maintained, and in that case, only the survivors could be sued. But the rule is otherwise in equity, *516 where obligations and liabilities, joint at law, are frequently treated as joint and several (1 Story Eq. §§ 162, 168, 164).
The rule at law is definitely settled against uniting the representatives of a deceased joint debtor with the survivors, unless upon allegations of insolvency (Pope v. Cole, 55 N. Y. 124). And that is so irrespective of the question, whether there was at the time of the death of the joint debtor any joint property, owned by the debtors, which vested in the survivors.
The liability of trustees for a breach of their trust, where they all unite in the breach, is several as well as joint, and the cestui que trust, seeking relief against the breach of trust, may proceed against all or either of the trustees (Gilchrist v. Stevenson, 9 Barb. 9, 16), and the rule which requires the remedies at law to be exhausted against the surviving joint debtor, has no application.
The stockholders in this, case having’ made themselves severally liable as trustees, the right to pursue the representatives of a deceased trustee in an action in equity is fully recognized in Pope v. Cole (ubi sup.), and in such an action it is proper to unite the surviving co-trustees (Bailey v. Inglee, 2 Paige, 278 ; Story Eq. Pl. § 169).
The cause of action stated in the complaint, being upon the liability of the defendants as stockholders, and therefore as trustees for the creditors, it was merely necessary to aver that they had wrongfully—wrongfully in respect to the trust—disposed of the company’s property; the insolvency of the corporation, and a deficiency of assets to meet its liability. All this is sufficiently alleged, and the action being to recover a ■debt for which the stockholders had made themselves liable, it was proper to unite in the action the representative of the deceased stockholder.
If these views of the nature of the defendant’s lia *517 bilily are correct, the complaint, as a pleading, is sufficient, and the facts stated therein constitute a cause of action against the several persons who are made parties defendants therein.
The judgment in favor of the defendant Ella Nora Hoy, sustaining the demurrer to the complaint, should be reversed, with costs.
The defendant should be allowed to withdraw her ■demurrer, and answer on payment of all costs since the demurrer was served.
Curtis, J., concurred.