## FIRST STATE BANK OF IDABEL v. BANK OF BRAGGS et al.

No. 5339.    Opinion Filed September 8, 1914.

(142 Pac. 1183.)

1.    BANKS AND BANKING—Liquidation of State Banks—Payment of Depositors—Distribution of Assets.    The purpose of the liquidation provided for by section 277, Rev. Laws 1910, is to provide state banks with a ready means of withdrawing from the banking business, and it contemplates the immediate payment of all the depositors of the liquidating bank and the distribution of the balance of its assets, to the end that such bank may cease to be further subject to the provisions of the banking laws of the state.

2.    SAME—Effect on Certificate of Deposit.    The effect of such liquidation upon a certificate of deposit issued by the liquidating bank which upon its face is not due is to mature it.

3.    SAME—Certificate of Deposit—Remedy of Holder.    Where a state bank seeks to liquidate pursuant to section 277, Rev. Laws 1910, and in process of such liquidation pays off all its creditors except the holder of one of its certificates of deposit, whom it refuses to pay, and thereafter transfers the greater portion of the balance of its assets to another banking corporation without providing for the payment of such claim, such creditor may ask a court of equity to administer sufficient of the assets of the liquidating bank through a receiver, or otherwise, to protect such claim.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*

*R. P. de Graffenreid, Judge.*

Action by the First State Bank of Idabel against the Bank of Braggs and others.    A demurrer to the petition was sustained, and plaintiff brings error.    Reversed and remanded. ·

*Wilson & Tomerlin,* for plaintiff in error.

*Bailey, Wyand & Moon,* for defendants in error.

KANE, C. J.  This was a suit in equity, commenced by the plaintiff in error, plaintiff below, against the Bank of Braggs, which was in process of liquidation pursuant to section 277, Rev. Laws 1910, its stockholders, and the Guaranty State Bank of Braggs, to whom it is alleged the Bank of Braggs had transferred practically all of its assets.  A general demurrer was sustained to the petition of the plaintiff, to reverse which action of the court below this proceeding in error was commenced.

The petition alleges, in substance, that the plaintiff is the owner of a certificate of deposit issued by the Bank of Braggs, dated the 11th day of October, 1912, which, upon its face, matures three years after date; that after the issuance of said certificate and before its maturity the Bank of Braggs filed its application for a voluntary liquidation, pursuant to the foregoing statute; that since filing said application for voluntary liquidation said bank has proceeded to liquidate and pay all of its obligations except the obligation of this plaintiff; that it has failed, refused, and neglected, and still fails, refuses, and neglects to pay said obligation, although said obligation, by operation of law, by reason of going into voluntary liquidation of said Bank of Braggs, has become, and is now, wholly matured.  That said Bank of Braggs and said Guaranty State Bank of Braggs have entered into an agreement whereby said Guaranty State Bank of Braggs has gone into possession of a large part of the assets of said Bank of Braggs; that said Bank of Braggs and said stockholders and said Guaranty State Bank of Braggs have wholly and totally ignored and refused to pay the claim of this plaintiff, as evidenced by said certificate of deposit, and that said Bank of Braggs and said defendants, their officers and agents and directors and said State Guaranty Bank of Braggs, which has gone into the possession of a large part of the assets of said Bank of Braggs, will continue to neglect to pay this plaintiff's claim, and will disburse all the assets of the said Bank of Braggs, in exclusion of the plaintiff's claim, unless they be restrained by

the court from so doing, and unless the court make and enter an order herein appointing some suitable person as a receiver to take charge of the assets and properties of said Bank of Braggs, and administer the same for the purpose of impartially distributing its assets and collect from the stockholders, officers, and directors of said Bank of Braggs such sums, if any, that have been distributed to them in the liquidation of said bank, and such sums as may be necessary for them to prorate in their individual capacities, and, further, take possession of all the assets of said Bank of Braggs that have gone into the possession of the said defendant, the Guaranty State Bank of Braggs, and that this plaintiff is likely to and may lose its claim unless such receiver be appointed, for all of which it has no adequate remedy at law.

We think the petition states facts sufficient to constitute a cause of action against the Bank of Braggs and the Guaranty State Bank of Braggs. The statute (section 277, Rev. Laws 1910, *supra*) provides that:

"Any bank doing business under this chapter may voluntarily liquidate by paying off all its depositors in full; and upon filing a verified statement with the Bank Commissioner setting forth the fact that all its liabilities have been paid, and the surrendering of its certificate of authority to transact a banking business, it shall cease to be subject to the provisions of this chapter, and may continue to transact a loan and discount business under its charter: Provided, that the Bank Commissioner shall make an examination of any such bank for the purpose of determining that all its liabilities have been paid."

It is obvious that the liquidation provided for by the foregoing section cannot take place with any show of justice and according to the intention of the law until all liabilities to the creditors of the liquidating bank have been met and paid. If there are claims presented which the liquidating bank is not willing to acknowledge as just debts, there is nothing in the statute which is inconsistent with the right of the bank to obtain a judicial determination of the controversy by process against the claimant, nor with that of the claimant to collect by suit debts due him. The very purpose of the liquidation provided for is to pay the

debts of the bank, that the remainder of the assets may be reduced to money and distributed among the stockholders or otherwise disposed of. The necessary effect of such liquidation upon the executory contracts of the bank undoubtedly is to mature them. 10 Cyc. 1312.

The journal entry of judgment states that the bill was dismissed for want of equity. In our judgment, the petition states facts sufficient to entitle the plaintiff to the equitable relief prayed for against the liquidating bank and the bank to whom its assets were transferred. There seems to be authority by analogy for the principle that where a state bank seeks to liquidate by resolution of its stockholders under section 277, *supra,* and in pursuance of such liquidation pays off all its creditors except the holder of one of its certificates of deposit, whom it refuses to pay, and transfers the greater portion of the balance of its assets to another banking corporation, such creditor may ask a court of equity to administer the assets of the liquidating bank through a receiver or otherwise, and a proper basis for such relief is laid by an allegation that the bank in process of liquidation, although it has paid all its other creditors, has refused to pay the claim of the plaintiff, and is about to transfer a large portion of its assets to another bank and distribute the balance among its stockholders without providing for the payment of such claim. *Law v. Rich et al.,* 47 W. Va. 634, 35 S. E. 858.

For the reasons stated, the judgment of the court below is reversed and the cause remanded, with directions to overrule the demurrer and to proceed in accordance with the views herein expressd.

All the Justices concur.