FORTHUN SCHOOL DISTRICT NO. 7 OF BURKE COUNTY, NORTH DAKOTA, a Public Corporation, Respondent, v. H. P. ALTNER, Gustav Flugge, and the First State Bank of Columbus, North Dakota, a Corporation. H. P. ALTNER and Gustav Flugge, Appellants.

(227 N. W. 190.)

Opinion filed October 22, 1929.

*Olaf Braatelien,* for appellants.

*H. A. Hanson* and *George P. Homnes,* for respondent.

Burr, J. On June 12, 1928, the plaintiff designated the First State Bank of Columbus a depositary of the funds belonging to the plaintiff, requiring from the bank a bond in the sum of $5,000 to secure the repayment of the funds. The defendants Altner and Flugge are the sureties upon said bond given July 25, 1928. By the terms of the contract set forth in the bond the sureties were to be discharged from obligation "if the said First State Bank shall well and truly account for and pay over to the said obligee or to its order, on demand, all funds so deposited with it as such depositary, with interest, if any, as may

be agreed upon, and agreeable to the terms of such deposits as being payable on demand or at any particular time, and shall well and truly perform all other obligations and conditions now or hereafter imposed by law on its part to be kept and performed, . . .."

On August 15, 1928, the plaintiff deposited with the First State Bank of Columbus as such depositary the sum of $2,000 on time deposit taking therefor two certificates of deposit for $1,000 each, "payable to the order of its treasurer on the return of this certificate properly endorsed twelve months after date with interest at 5% per annum," and on Sept. 11, 1928, the school treasurer deposited the further sum of $1,000 represented by two certificates of deposit dated Sept. 11, 1928, and "payable to the order of himself on the return of this certificate properly endorsed 12 months after date with interest at 5% per annum."

The complaint of the plaintiff set forth these facts and further alleges that these moneys accepted by the bank as such legal depositary so designated, and the public funds, are evidenced by these certificates of deposit, copies of which are annexed to and made a part of the complaint. The complaint further alleges that since on or about the 24th day of November, 1928, "the said First State Bank of Columbus, North Dakota, a corporation, has been unable to meet and has failed and refused to meet the demands of its creditors in the usual and customary manner and has made public announcement of its refusal to pay any of the deposits of any of its creditors in any manner whatsoever, and that the said First State Bank of Columbus, North Dakota, a Corporation, is insolvent and unable to pay any part of the funds of said Forthun School District No. 7, which has been deposited as aforesaid with said First State Bank of Columbus, North Dakota, a corporation."

The complaint further alleges that on December 9, 1928, the clerk of the school district served upon each of the sureties a written notice of the default of the First State Bank of Columbus and that on December 17, 1928, the treasurer of the school district presented these certificates of deposit to the First State Bank of Columbus "and demanded payment thereon and that payment of said certificates of deposit was thereupon refused by the said bank, and by the duly qualified and acting receiver in charge of the affairs of the said bank." The com-

plaint then demands judgment against the sureties in the sum of $3,000 and interest.

The sureties demurred to the complaint on the grounds "that the court has no jurisdiction of the subject of the action; that there is a defect of parties defendant; that the complaint does not state facts sufficient to constitute a cause of action."

The trial court overruled the demurrer, and in. the order required that the "receiver should be interpleaded as party defendant in such action" and gave the sureties 13 days in which to answer the complaint.

From the order overruling the demurrer .the defendants Altner and Flugge appeal setting forth seven specifications of error. These specifications of error involve but two points so far as the demurrer is concerned—the defect of parties defendant in that the receiver had not been made a party to the action; and that the complaint shows on its face there was nothing due on the bond when the action was commenced.

So far as the defect of parties defendant is concerned the demurrer was properly overruled. The complaint does not allege that any receiver had ever been appointed for the insolvent bank. The parties to the bond are the First State Bank of Columbus and the two sureties. These are made parties to the action. As said in Baird v. Williston, ante, 478, 226 N. W. 608, 613:

"It is not the fact of insolvency which prevents service of summons and complaint upon officers of the insolvent institution, it is the appointment of the receiver and his taking charge of affairs. Until the receiver steps in, the officers represent the insolvent corporation."

If there be a receiver and he desire to intervene, or if any of the parties care to have him interpleaded, proper action may be taken looking to these ends.

The respondent seeks to recover on the aforementioned certificates of deposit which were not due until long after the commencement of the action and the overruling of the demurrer, but it is the contention of the respondent, viz.: that the insolvency of the bank made the certificates of deposit due upon the demand.

Respondent cites Gilbertson v. Northern Trust Co. 53 N. D. 502, 42 A.L.R. 1353, 207 N. W. 42, arguing that therein it is held insolven-

cy makes a deposit due immediately and actionable; but in that case we were dealing with funds due on demand. We said therein: "Where funds are deposited in a bank subject to payment on demand, and the bank is closed on account of its insolvency, the deposit thereby becomes due and actionable. No demand is necessary." Respondent also cites the rule laid down in 7 C. J. 741, to the effect that "money on deposit in a bank subject to check becomes due without demand when the bank becomes insolvent." But this rule has no application to the case at bar. It does not refer to time certificates.

Respondent cites the case of Scott v. Armstrong, 146 U. S. 499, 36 L. ed. 1059, 13 Sup. Ct. Rep. 148, where a deposit was permitted to be set off against a note to the bank not due at the time of suspension and the rule announced in Stone v. Dodge, 96 Mich. 514, 21 L.R.A. 280, 284, 56 N. W. 75, that "it is well settled that in a suit by a receiver of an insolvent bank upon a note or obligation due the bank the defendant will be allowed to set off his deposit or a certificate of deposit held by him at the time of the suspension of the bank."

The right to offset a time certificate of deposit as against a claim made by the defendant against the holder of the certificate is an entirely different matter from the one at bar. The receiver acts for the defendant so far as his certificate of deposit is concerned. The parties have mutual accounts and an unmatured certificate is a bank liability which the receiver must meet. Certificates purchased after the insolvency of the bank can not be offset as shown by the Michigan case cited—even if the certificate were due. Between the bank and depositor, accounts owing each other at the time of insolvency may be adjusted, without reference to their due date. In the United States case the deposit was subject to check or at least held for the purpose of paying the note. It was not a time certificate. It was a case in equity for the enforcement of the set off and the court said: "Courts of equity frequently deviate from the strict rule of mutuality when the justice of the particular case requires it, and the ordinary rule is that where the mutual obligations have grown out of the same transaction, insolvency on the one hand justifies the set-off of the debt due upon the other."

Respondent quotes the rule laid down in 7 C. J. 741, to the effect: "And it has also been held that the liquidation of a state bank ma-

tures a certificate of deposit issued by such bank, although it is not yet due according to its face."

It cites in support thereof the case of First State Bank v. Bank of Braggs, 43 Okla. 342, 142 Pac. 1183. This case is cited by Corpus Juris as authority for the rule quoted; but an examination of the case shows that it is dealing with an entirely different situation. It was an action in equity. The Bank of Braggs was in process of liquidation, the plaintiff was the owner of a time certificate, the bank which had taken over the assets of the Bank of Braggs, under an agreement to pay off the obligations, together with the Bank of Braggs was collecting and disbursing the assets and ignoring or refusing to pay plaintiff's claim; and plaintiff brought an action in equity to require the defendants to acknowledge and provide for this claim, and asked for the appointment of a receiver so that its claim would not be lost. The court held that in such a case as that and under such circumstances "the effect of such liquidation upon a certificate of deposit issued by the liquidating bank which upon its face is not due is to mature it." The Bank of Braggs had entered into an agreement with the Guaranty State Bank whereby it turned over its property for the benefit of its creditors and directed the Guaranty State Bank to liquidate its assets for the purpose of paying off its debts. The action of the Bank of Braggs was in effect its agreement and promise to pay these immatured claims as if they were mature. The holder of the immature claim had a right to so construe it as being mature, and the rule in equity laid down in Scott v. Armstrong, supra, was applicable. This is not the situation in the case at bar.

A contract consists of binding promises, and a broken promise will constitute a breach of contract. Repudiation of liability under a certain contract may result in a condition wherein the one entitled to enforce the same may consider this repudiation as a breach of the contract and sue for damages before the time set forth in the contract for its fulfillment. This doctrine is extended, in certain cases, so that an anticipatory inability to perform may amount to a breach and in the case of the Central Trust Co. v. Chicago Auditorium Asso. 240 U. S. 581, 60 L. ed. 811, L.R.A.1917B, 580, 36 Sup. Ct. Rep. 412, it was held that on the bankruptcy of a party to a bilateral contract before a breach the other party had a provable claim. But when it

comes to the question of unilateral obligations, however, the rule is well settled there can be no anticipatory breach. In the case of Nichols v. Scranton Steel Co. 137 N. Y. 471, 33 N. E. 561, the court said: "It is not intimated that in the bald case of a party bound to pay a promissory note which rests in the hands of the payee, but which is not yet due, such note can be made due by any, notice of the maker that he does not intend to pay it when it matures." This language was quoted with approval by the Supreme Court of the United States in the case of Roehm v. Horst, 178 U. S. 1, 17, 44 L. ed. 953, 960, 20 Sup. Ct. Rep. 780. The Supreme Court of the United States was passing upon the rule regarding an unqualified and positive refusal to perform a contract, though the performance thereof is not yet due, and says: "In the case of an ordinary money contract, such as a promissory note, or a bond, the condition has passed; there are no mutual obligations; and cases of that sort do not fall within the reason of the rule."

"A surety cannot be held beyond the express terms of his contract." Section 6677 of the Compiled Laws of 1913. The language of the bond is that the bank will pay "all funds so deposited with it as such depositary, with interest, if any, as may be agreed upon, and agreeable to the terms of such deposits as being payable on demand or at any particular time, etc."

The sureties agreed the bank would pay these certificates of deposit at the time stated therein. Unless insolvency accelerated the time of payment then payment was not due at the time the action was commenced.

In the case of the United States Fidelity & G. Co. v. American Bonding Co. 31 Okla. 669, 122 Pac. 142, one surety on a bond brought an action against a co-surety on a "binder" bond given the territorial treasurer by a depositary to repay the funds of the territory. The Capital National Bank had become the depositary and the United States Fidelity & Guaranty Co. became surety on the bond. The American Bonding Co. also became a surety on a separate instrument and the defendant gave this additional instrument known as a "binder." The bank became insolvent and an action was brought by the bonding company on the theory that the cosurety, the guarantee company, "was liable to contribute to it one third of what it had just paid" on

this bond. The guaranty company contended that there was no demand made upon the bank for its money, and that there was no breach of the bond because of insolvency, though the bank became insolvent prior to the expiration of the time limit of the bond. There were many other features involved in the case but the court held "that the insolvency of the bank pending the duration of said risk was not a breach of said bond."

The sureties bound themselves to reimburse the school district according to the terms of the bond which was that the bank would pay these time certificates of deposit when they became due. The sureties did not alter this contract in any way and the time certificates of deposit were not due. This is an action on contract and so the demurrer should have been sustained, holding that the complaint did not state facts sufficient to state a cause of action.

Another specification of error is:

"That the district court erred in holding and determining that L. R. Baird, as Receiver of the First State Bank of Columbus, North Dakota, could at the time of the making of the Order appealed from be properly interpleaded as a party defendant in said action."

The fifth specification of error is to the same effect. The sixth specification of error deals with the order requiring the defendants Altner and Flugge to answer the complaint. These need not be determined here in view of our holding the action is brought prematurely. The order is reversed, and the case dismissed with costs.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.