FORTHUN SCHOOL DISTRICT NO. 7, a Municipal Corporation of Burke County, North Dakota, Respondent, v. H. P. ALTNER, and Gustav Flugge, Appellants.

(234 N. W. 385.)

Opinion filed December 23, 1930.

*Olaf Braatelien,* for appellants.

*H. A. Hanson* and *George P. Homnes,* for respondent.

BURKE, Ch. J. This is an action on a joint and several depository bond executed and delivered to the plaintiff by the First State Bank of Columbus, a legally designated depository of public funds, as principal, and H. P. Altner and Gustav Flugge as sureties. On the 24th day of November, 1928, the said state bank of Columbus, failed, ceased to operate as a bank, and has been at all time since in the hands of a receiver.

The plaintiff claims, that it deposited money in said depository,

which is represented by certificates of deposit each of them specifically described in the complaint, all past due, amounting to $3,000 and prays judgment for that amount.

The defendants demur to the complaint, on the ground that there is a defect of parties defendant, and that the complaint does not state a cause of action. From an order overruling the demurrer the defendants appeal. It is claimed that there is a defect of parties defendant for the reason, that the receiver of the State Bank of Columbus is not made a party.

The bond is a joint and several bond, and under § 7407, Comp. Laws 1913, the plaintiff, on such an obligation, may sue one or more or all of the obligors in one action. The statute reads as follows, § 7407, Comp. Laws 1913. "Persons severally liable upon the same obligation or instrument . . . and persons liable severally for the same debt or demand, although upon different obligations or instruments, may all, or one or more of them, be included in the same action. at the option of the plaintiff."

California has the same statute, viz., § 383, Code of Civil Procedure, which reads as follows: "Persons severally liable upon the same obligation or instrument . . . and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff; . . ." see note 11 to § 383, Kerrs Cal. Code of Civil Procedure as follows:

"Plaintiff may, at his election, sue one or more or all persons severally liable upon same obligation or instrument. Stearns v. Aguirre, 6 Cal. 176; People v. Edwards, 9 Cal. 286; People v. Love, 25 Cal. 520; People v. Evans, 29 Cal. 429; Hurlbutt v. N. W. Spaulding Saw Co. 93 Cal. 55, 58, 28 Pac. 795; Kurtz v. Forquer, 94 Cal. 91, 29 Pac. 413; London, P. & A. Bank v. Smith, 101 Cal. 415, 420, 35 Pac. 1027; Kreling v. Kreling, 118 Cal. 413, 420, 50 Pac. 546; Slater v. McAvey, 123 Cal. 437, 440, 56 Pac. 49. See Cridler v. Curry, 66 Barb. 336; Graham v. Hoy, 6 Jones & S. 506; Decker v. Trilling, 24 Wis. 610."

The plaintiff clearly has the right under our statute to sue any or all of the joint and severally liable obligors at his option.

The defendants claim that the complaint does not state a cause of action for the further reason, that at the time the notice of default

was served upon the defendants the certificates of deposit were not due and there was no default. It is alleged in the complaint, "That on the ninth day of December, 1928, and within ninety days after closing of said First State Bank the plaintiff through its proper officers mailed to each of said defendants a notice of the insolvency of said bank, and its inability to pay to the plaintiff the said fund, which said notice was mailed at the post office at Columbus, North Dakota, addressed to the said defendants at their respective post office addresses, enclosed in sealed envelopes, the postage paid thereon and duly registered in said post office." Thereafter, and on the seventh day of January 1929, the plaintiff brought an action against the defendant on said bond for the same deposits. On an appeal of said action to this court a demurrer to the complaint was sustained upon the ground that the certificates of deposit were not due and that no action would lie until they became due. Forthun School Dist. v. Altner, 58 N. D. 673, 227 N. W. 190.

After the certificates of deposit became due the plaintiff brought this action against the defendants upon the same bond, alleging in said complaint, "That the First State Bank of Columbus, North Dakota, is a defunct banking corporation; that on the 24th day of November, 1928, the said First State Bank of Columbus became insolvent, closed its doors, ceased to operate as a bank, and ever since has been in the hands of a receiver; that ever since that date it has been and is unable to meet its obligations and is, and will be, unable to pay to the said plaintiff the funds so deposited with it; that the certificates of deposit and each of them are past due, that demand has been made upon the receiver of said bank and upon each of said sureties, upon said bond to wit, H. P. Altner and Gustav Flugge said defendants, for the payment of the amount due upon said certificates, but no part thereof has been paid, except the sum of $607.52 paid by the receiver of said bank as follows, $303.75 on the 31st day of January, 1929, and $303.75 on the eighth day of November, 1929." It appears from this complaint that in the matter of giving notice of default the plaintiff did more than he was required to do under the contract. Under the contract it was required to give notice of default to the sureties within ninety days after default. In the instant case the plaintiff did not wait until there was a default, the bank closed

on the 24th of November, 1928, and has been in the hands of a receiver ever since. On the ninth of December, fifteen days after the bank closed, the plaintiff caused notice to be served upon the defendant of the insolvency of the said bank and of its inability to pay to the plaintiff the said funds so deposited. The complaint shows that the plaintiff was acting promptly in serving notice of the insolvency of the bank, and its inability to pay. It brought an action prematurely to recover on certificates of deposit that were not due. It attempted to collect from the receiver of said bank and did collect $607.52, and it appears from the complaint that no more can be collected from the receiver. Before the bringing of this action, demand was made upon the receiver of said bank and upon each of the said sureties. Indeed, if the plaintiff had not given notice to defendants of the condition of the bank until the certificate of deposit became due the defendants might have reasonable grounds for complaint for the object and purpose of the giving of the notice, which is for the protection of the sureties, might be defeated. The giving of notice of the insolvency of the bank and its inability to pay before the plaintiff was required to give such notice under the contract was to the advantage of the defendants as it gave them more time and opportunity to protect themselves. The notice given in the instant case was a substantial compliance with the contract and the order overruling the demurrer is affirmed.

BIRDZELL, NUESSLE, BURR, and CHRISTIANSON, JJ., concur.