[File No. 7004]

LAKEVILLE TOWNSHIP, a Municipal Corporation, Appellant, v. NORTHWESTERN TRUST COMPANY, a Corporation, Respondent.

(22 NW2d 591)

Opinion filed April 11, 1946

*Milton E. Moskau,* for appellant.
*Bangs, Hamilton & Bangs,* for respondent.

MORRIS, J.   The plaintiff is a political subdivision of the State of North Dakota.   In January, 1930, the Mekinock State Bank qualified as a depository for public funds belonging to the plaintiff and made application to the defendant trust company for a depository bond pursuant to the provisions of § 714a7, 1925 Supplement to Compiled Laws.   As the result of this application the defendant became surety on a bond in the sum of $2000.00 wherein the Mekinock State Bank was principal and the plaintiff was obligee.

The conditions of the bond were that:

". . . if the said principal shall well and truly account for and pay over to the said Obligee all funds so deposited with it as such depository, with interest according to the terms of such deposit, whether call or time deposits, then this obligation to be void, otherwise to be and remain in full force and effect from the date of the approval of this bond by the Obligee to the third Tuesday in January 1932.

This bond may be reduced, abrogated or cancelled by the written consent of the Obligee, and the Surety may limit its liability by giving written notice to the Obligee, by registered mail addressed to the treasurer and clerk of the Obligee as defined by the laws of the State of North Dakota, requesting that no further deposit be made under cover hereof from and after the date of the receipt of said notice by said treasurer, and the Surety may in like manner request the withdrawal of funds deposited under cover of this bond, and such notice being given and received, shall be binding on the Obligee and no further deposits shall be made under cover of this bond without the written consent of the Surety.

*Provided further,* That promptly after becoming aware of any default on the part of said depository in its obligations hereby secured the Obligee shall give written notice by registered mail to said Surety of such default."

The Mekinock State Bank became insolvent and closed its doors on July 22, 1931. A receiver was appointed on August 13, 1931. Liquidation was completed and the receivership closed on March 27, 1942. During the year 1931 the plaintiff submitted to the receivership its claim for deposits amounting to $1,855.16 which was duly allowed, and a receiver's certificate was issued therefor.

On January 14, 1932, the plaintiff received $185.51 from the receiver and the further sum of $319.65 from the defendant, thus reducing the amount of its claim to $1,350. Later the plaintiff was paid further sums through the receivership, the last payment being December 28, 1935. As a result of these payments the claim was further reduced to the sum of $978.96, which is the amount for which this action was brought. It further appears that demand was made on the defendant under the bond shortly after the closing of the bank. Neither the timeliness nor the sufficiency of the demand is questioned.

The defendant admits all of the foregoing facts which are set forth in the complaint and as a defense alleges that the cause of action stated in the complaint did not accrue within six years before the commencement of this action and is, therefore, barred

by the statute of limitations, the statute relied upon being § 28-0116, Rev Code ND 1943. This action was commenced January 18, 1946.

In Rosedale School Dist. v. Towner County, 56 ND 41, 216 NW 212, this court held that counties and school districts are amenable to statutes of limitation. A township is a body corporate with capacity to sue and be sued. Section 58-0301, Rev Code ND 1943. It is likewise amenable to statutes of limitation.

It is undisputed that all of the following incidents occurred more than six years prior to the commencement of the action, namely, the closing of the bank, the appointment of the receiver, the one payment made by the surety on its obligation, the last payment by the receiver, and the demand on the surety. Thus it is clear that the cause of action accrued more than six years prior to the institution of this suit. The plaintiff nevertheless contends that the running of the statute was interrupted by the appointment of the receiver and did not again begin to run until the receivership was closed on March 27, 1942. Unless this contention is sustained the plaintiff's cause of action is clearly barred.

The bond upon which this suit is based is a contract wherein the obligor agreed upon the conditions set forth therein and quoted above to make good the default of the principal upon notice as prescribed by the bond. The bond must be interpreted the same as other contracts. Mountrail County v. Farmers State Bank, 53 ND 789, 208 NW 380. The plaintiff had a right to pursue its remedy against the surety wholly independent of the receivership. It was unnecessary to either wait until the receivership was closed or make the receiver of the bank a party to the action in order to obtain judgment against the surety. Bingham v. Mears, 4 ND 437, 61 NW 808, 27 LRA 257; Forthun School Dist. v. Altner, 58 ND 673, 227 NW 190. It follows that the appointment of the receiver did not interrupt the running of the statute of limitations since it did not interfere with the plaintiff's right to assert its remedy against the surety and to prosecute that remedy to judgment.

The defendant having pleaded the statute of limitations and

it appearing that the cause of action on the bond arose more than six years prior to the commencement of this action and the running of the statute was not interrupted by the appointment of the receiver, a good defense has been established and the plaintiff cannot now recover judgment.

Affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.