[No. 4447.]

## M. BARBER v. JONATHAN BURROWS, JOSEPH BAUQUIER AND WILLIAM GWYNN.

EXECUTION OF WRITTEN CONTRACT. — If a written agreement which is intended to be signed by several persons as parties thereto is not signed by all, it is not completely executed and does not bind any of the parties.

RELEASE OF SURETIES.—If a written contract for the extension of time within which to complete a building is intended to be signed by the owner, the contractor, and the persons who became sureties for the contractor for the fulfillment of his agreement, and is signed only by the owner, contractor, and one of the sureties, it is not obligatory, and does not release the sureties from liability for damages resulting from the failure of the contractor to fulfill his agreement.

CONSTRUCTION OF CONTRACT.—If an agreement indoresd on the back of a contract states that it is made between the parties to the contract, it shows upon its face that it was intended to be signed by all the parties to the contract.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

On the 10th day of June, 1872, defendant Burrows entered into a contract in writing with the plaintiff to erect for him a dwelling-house in Sacramento and furnish the materials therefor. The plaintiff was to pay him five thousand two hundred dollars. At the same time, Burrows, as principal, and defendants Bauquier and Gwynn, as sureties, executed to the plaintiff a bond in the penal sum of four thousand dollars, conditioned that Burrows should perform the terms of his contract. The dwelling, by the terms of the contract, was to be completed by the first day of September, 1872, and Burrows was to furnish and pay for all labor and materials. The building was not completed until November, 1872. Burrows also failed to pay for all the materials, and liens were filed on the building, by reason whereof Barber sustained damages in the sum of seven hundred and twenty-five dollars. This was an action to recover the damages. On the 2d day of September, 1872, the following agreement was indorsed on the contract for the erection of the dwelling, to which contract the bond was attached:

"It is hereby agreed between the parties to the within contract, that the said second party shall have until the first day of November, 1872, in which to complete the work in said contract described, and it is understood that this shall not in nowise interfere with or lessen the liability of the sureties upon the bond given by said second party. In witness whereof the parties hereunto set their hands and seals this second day of September, 1872.

"M. BARBER,     [L. S.]
"J. BURROWS,     [L. S.]
"WM. GWYNN,     [L. S.]"

The sureties claimed that the agreement amounted to an extension of time given by Barber to Burrows, and that they were thereby released. The court rendered judgment against Burrows and the sureties, and the sureties appealed from the judgment and from an order denying a new trial.

*Beatty & Denson*, for the Appellant.

*R. C. Clark and L. S. Taylor*, for the Respondent.

By the COURT:

The instrument of September 2, 1872, was never completely executed. It is evident upon an inspection of the writing itself that it was intended to be signed by all the parties to the contract upon which it was indorsed. These parties were the two principals in the contract and the two sureties upon the bond attached to and forming a part of the contract. It was signed by but three of these persons.

As the contract for the extension of time was not complete, it was not obligatory.

Judgment and order denying a new trial affirmed. Remittitur forthwith.