[No. 13958.   In Bank. — April 1, 1891.]

B. W. CAVANAUGH, RESPONDENT, v. EZRA CASSELMAN, APPELLANT.

VENDOR AND PURCHASER — CONTRACT OF SALE — STATUTE OF FRAUDS — CONTENTS OF MEMORANDUM — SIGNATURE — AGREEMENT INTER PARTES. — A written memorandum of a contract for the sale of real property, which contains the names of the parties, and the price, and gives a complete description of the property, and is subscribed by the party to be charged, is sufficient to satisfy the statute of frauds, although not subscribed by the party seeking to enforce it, and although the agreement purports to be an agreement *inter partes*.

ID. — COMPLETION OF AGREEMENT. — A contract which purports on its face to be *inter partes* need not invariably be signed by all parties named in the contract in order to become operative; and in the absence of a showing that the contract was not to be deemed complete until other signatures should be added, the parties signing it will be holden thereon.

ID. — WRITTEN AGREEMENT — EXECUTION BY VENDOR — DELIVERY AND ACCEPTANCE — CONSIDERATION — PAROL PROMISE OF VENDEE. — The execution of a written agreement for the sale of land by the vendor, and its delivery to the vendee and acceptance by him, creates an obligation upon the vendor, which is a sufficient consideration to make a verbal agreement on the part of the vendee to pay the purchase price of the

land binding upon him, though the agreement purports to be *inter partes*, and the vendee failed to sign it.

ID. — CONVEYANCE OF PART OF LAND SOLD — PERFORMANCE OF CONTRACT — MERGER. — A contract for the conveyance of a specified tract of land is not satisfied by the conveyance of a part of such tract; and a deed of part thereof does not merge the contract in the deed, if the deed is not accepted in satisfaction of the agreement.

ID. — ACTION FOR BREACH OF CONTRACT — EVIDENCE — DESCRIPTION OF PROPERTY — IDENTIFICATION OF SUBJECT-MATTER. — In an action against the vendor for damages for breach of the contract, in not conveying to the vendee all the property described in the agreement of sale, testimony of witnesses pointing out and defining the property which was the subject-matter of the contract, and which was imperfectly described in the contract, is competent for the purpose of enabling the court to determine whether the vendor had fully complied with his agreement.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Chauncey H. Dunn, Taylor & Holl,* and *S. Solon Holl,* for Appellant.

A contract purporting to be between several parties, containing mutual covenants, and intended to be signed by all, to be valid must be executed by all, and cannot be enforced against one executing by another who fails to execute. (*Tewksbury* v. *O'Connell*, 21 Cal. 60; *Barber* v. *Burrows*, 51 Cal. 406; *Townsend* v. *Corning*, 23 Wend. 435; *Livingston* v. *Rogers*, 1 Caines, 584; *Bean* v. *Parker*, 17 Mass. 603; *Burhans* v. *Burhans*, 2 Barb. Ch. 398; *Jackson* v. *Brown*, 3 Johns. 459; *Atlee* v. *Bartholomew*, 69 Wis. 43; 5 Am. St. Rep. 103; *Dodge* v. *Hopkins*, 14 Wis. 630, 637, 641; *Lowber* v. *Connit*, 36 Wis. 183; *King* v. *Warfield*, 67 Md. 246; 1 Am. St. Rep. 384; *Arthur* v. *Anderson*, 9 S. C. 234; *Johnson* v. *Muzzy*, 45 Vt. 419; *Emery* v. *Neighbor*, 7 N. J. L. 142; 11 Am. Dec. 541.) The promises must be concurrent, and obligatory upon both parties at the same time, to sustain an action for breach. (*Atlee* v. *Bartholomew*, 69 Wis. 43; 5 Am. St. Rep. 106; *Tucker* v. *Woods*, 12 Johns. 190; 7 Am. Dec.

305; *Lowber* v. *Connit*, 36 Wis. 183; *King* v. *Warfield*, 67 Md. 246; 1 Am. St. Rep. 384; *Rothbone* v. *Warren*, 10 Johns. 587; *Barry* v. *Harper*, 4 Gill & J. 470; *Lamar* v. *McNamee*, 10 Gill & J. 120; 32 Am. Dec. 152; *McKinley* v. *Watkins*, 13 Ill. 140; *James* v. *Fulcrod*, 5 Tex. 512; 55 Am. Dec. 743; *Commercial Bank* v. *Nolan*, 7 How. (Miss.) 508; *Utica etc. R. R. Co.* v. *Brinckerhoff*, 21 Wend. 139; 34 Am. Dec. 220; *Duvall* v. *Myers*, 2 Md. Ch. 405; *Rutledge* v. *Grant*, 3 Car. & P. 273.) A party who is not bound by a contract cannot elect to be bound, or consider himself bound, and thereby make the contract binding upon the other party. (*King* v. *Warfield*, 67 Md. 246; 1 Am. St. Rep. 384; *Duvall* v. *Myers*, 2 Md. Ch. 405.) The writing of May 16, 1888, if a valid agreement, was merged in the deed and bill of sale of October 15, 1888, and no recovery can be had upon it now. (2 Burrill's Law Dict., tit. Merger; Smith on Contracts, 18; *Jones* v. *Wood*, 16 Pa. St. 25; *Bull* v. *Willard*, 9 Barb. 641; *Witbeck* v. *Waine*, 16 N. Y. 532, 535; *Homes* v. *Barker*, 3 Johns. 506; *Williams* v. *Hathaway*, 19 Pick. 387; *Calvin* v. *Schell*, 1 Grant Cas. 226; *Thompson* v. *Christian*, 28 Ala. 399; *Dalton* v. *Hamilton*, 50 Cal. 423; *Bryan* v. *Swain*, 56 Cal. 616; *Carter* v. *Beck*, 40 Ala. 599; *Shenandoah Val. R. Co.* v. *Dunlap*, 86 Va. 346.)

*Grove L. Johnson*, for Respondent.

The omission, by plaintiff, to sign the agreement is immaterial. (Civ. Code, sec. 1584, 1588, 1622, 1698, 3515, 3516.) There was no merger of the contract in the deed. (*Witbeck* v. *Waine*, 16 N. Y. 532; *Speed's Executors* v. *Hann*, 1 T. B. Mon. 16; 15 Am. Dec. 78.) The defendant is estopped by his waiver of the plaintiff's signature and acceptance of the plaintiff's money. (Code Civ. Proc., sec. 1962, subd. 3; Civ. Code, sec. 1709, 3517.)

HARRISON, J. — The plaintiff brought this action to recover damages from the defendant for the non-fulfillment of the following contract:—

" This indenture, made and entered into this sixteenth day of May, 1888, by and between Ezra Casselman, of the county of Sacramento, party of the first part, and W. B. Cavanaugh, of the city of Sacramento, party of the second part, witnesseth: The party of the first part hereby agrees to sell to the party of the second part, and the party of the second part hereby agrees to buy from the party of the first part, the following described premises, belonging to the party of the first part, to wit [description of land and certain personal property]. The price to be paid hereunder is twenty-four thousand dollars, of which one thousand dollars have already been paid at the signing of this agreement; eight thousand dollars shall be paid on the fifteenth day of October, 1888, and the balance of fifteen thousand dollars shall be paid on that date by the execution unto the party of the first part by the party of the second part of a mortgage upon said premises, payable five years from that date. . . . . . Upon the payment on said fifteenth day of October, 1888, of said sum of eight thousand dollars, and the execution of the mortgage herein provided for, the party of the first part will make, execute, and deliver unto the party of the second part a good and sufficient deed of all said real estate and improvements, conveying the same to the party of the second part free and clear from all encumbrances, and will also make, execute, and deliver unto the party of the second part a good and sufficient bill of sale of all the personal property hereinbefore referred to. This agreement is binding upon the heirs, administrators, and assigns of the parties hereto. In witness whereof the parties hereto have hereunto set their hands this sixteenth day of May, 1888.

                              " EZRA CASSELMAN.
                              " ANNIE CASSELMAN."

The cause was tried by the court without a jury, and in its decision the court finds that the parties entered into the contract on the sixteenth day of May, 1888, and

that the plaintiff at that time paid to the defendant one thousand dollars in pursuance thereof, and that on the fifteenth day of October, 1888, he paid to the defendant the further sum of eight thousand dollars, and executed to him the mortgage for fifteen thousand dollars, provided for in the contract, and that on that day the defendant made to the plaintiff a deed for a part of the land described in said agreement, which expressly excluded from its operation a portion that was included within the boundaries and description given in the contract; and also that the defendant did not deliver to the plaintiff all of the personal property specified in the contract. The court found that the value of the omitted land and of the personal property not delivered to the plaintiff was $625, and gave judgment for that amount in favor of the plaintiff.

The court further found: " That on said fifteenth day of October, 1888, when plaintiff and defendant met to carry out said executory contract of May 16th, the defendant tendered to plaintiff the deed mentioned in finding 2, and also a bill of sale purporting to be in accordance with the terms of said contract, but the plaintiff then discovered that said deed did not include all the land described in said contract, but expressly excluded the said Garvey tract; . . . . that plaintiff then refused to accept said deed and bill of sale, or either of them, in execution of said contract, because they did not convey the property last above described, and plaintiff then tendered to defendant, to be executed by defendant, a deed and bill of sale prepared by plaintiff, which conformed to the terms of said contract, and offered on his part to perform fully said agreement; but the defendant refused to execute said last-mentioned deed and bill of sale, or either of them, and refused to give plaintiff any deed or bill of sale other than those he (defendant) had tendered as above stated; that plaintiff had arranged to lease the premises so contracted for to third

parties, from said fifteenth day of October, and desired to get possession thereof without delay, and he finally informed defendant that he would accept said deed and bill of sale tendered by defendant, under protest, and only in part satisfaction of said contract, to the extent to which they complied therewith, and should at once sue defendant for damages for his failure to comply with said contract in the particulars above set forth; and the defendant then delivered the said deed and bill of sale to the plaintiff, with a full understanding that they were not accepted as a full performance of said contract, but that plaintiff reserved the right to sue defendant for said breach; that plaintiff did so accept said deed and bill of sale in part satisfaction as aforesaid, and there- after, on the seventeenth day of said October, he commenced this action.".

At the trial, the plaintiff offered in evidence the contract of May 16, 1888, to which the defendant objected, upon the ground "that it showed upon its face that it had never been executed by the plaintiff, and that therefore it never was a perfect agreement, but was only an attempted agreement, which was never consummated"; and also upon the further ground, "that if it ever was an agreement, it had become merged in a subsequent agreement in the nature of a deed and of a bill of sale, and that it had been entirely superseded by such deed and bill of sale." The court overruled the objections, and allowed the instrument to be read in evidence. When the plaintiff rested, the defendant moved for a nonsuit upon substantially the same grounds, which was denied. The ruling of the court with reference to this contract is presented by the appellant as the principal ground for a reversal of the judgment.

1. It was not necessary that the plaintiff should himself sign the agreement of May 16, 1888, in order to enable him to enforce it against the defendant. The statute of frauds requires the contract, or some note or

memorandum thereof, to be in writing, but it need be
subscribed only by the party to be charged. (Reed on
Statute of Frauds, sec. 359.)   This principle was estab-
lished in this state in the case of *Vassault* v. *Edwards,*
43 Cal. 458. (See also *Worrall* v. *Munn,* 5 N. Y. 246;
55 Am. Dec. 330; *Justice* v. *Lang,* 42 N. Y. 493; 1 Am.
Rep. 576.)  The "writing" in question is sufficient to
satisfy the statute.  It sufficiently names the parties
and the price, and gives a complete description of the
property.  It is also subscribed by the defendant, who
is the party to be charged.

2.  It is also claimed by the appellant that, inasmuch
as the instrument in question purports in terms to be
executed by the plaintiff, it is, until such execution, only
an inchoate agreement, and not capable of enforcement
by either party:

It is competent for parties to insert such conditions in
their contracts as they desire, and to make contracts that
shall be operative only upon the happening of some
event; but when the terms of the instrument are in
themselves clear, it is necessary that the conditions upon
which only it is claimed that the instrument is to have
effect should be equally clear.  It is not the rule that a
contract, which on its face purports to be *inter partes,*
must invariably be executed by all whose names appear
in the instrument before it shall be binding upon any.
One reason why it is held in many of the cases that an
agreement which is not to be operative upon one until
it has been signed by another is, that such signing is
the consideration upon which the first signer agrees to
be bound; but when a sufficient consideration for the
agreement on the part of the first signer is shown to
authorize its enforcement, he cannot be released there-
from unless he shall show clearly that there were other
considerations for his signing the agreement than those
named in the instrument.

Bishop, in his treatise on contracts, section 348, says:

"If by parol stipulation, or *a fortiori* if by the writing itself, the contract was not to be deemed complete until other signatures should be added, it without such addition will not bind those who have signed it; but if nothing of this appears, the parties signing will be holden, though even on the face of it the signatures of the others were contemplated by the draughtsman." (See also, in support of this principle, *Parker* v. *Bradley,* 2 Hill, 584; *Scott* v. *Whipple,* 5 Greenl. 366; *Dillon* v. *Anderson,* 43 N. Y. 231; *Los Angeles* v. *Mellus,* 59 Cal. 444; *People* v. *Stacy,* 74 Cal. 373.) In *Choteau* v. *Suydam,* 21 N. Y. 181, it is said: "It is very well settled that where a bond, a deed, or other written instrument is executed by a portion only of those who appear in the body of the instrument as parties, the question whether those who have executed it are bound depends upon the circumstances under which the instrument was delivered. Those circumstances are open to proof by parol, and if it appears that at the time of the delivery by any party whose signature is affixed anything was said indicating that such party did not intend to be bound unless other parties also signed, the delivery will be considered as not absolute, but in escrow merely; . . . . but it rests upon the party who has signed and delivered the instrument to establish that the delivery was intended to be in escrow."

In the present case, no attempt was made on the part of the defendant to show that at the time the instrument was delivered by him to the plaintiff there was any agreement or understanding on his part that it was to be signed by the plaintiff before it became operative. It is true that in his answer he alleges that he would not have signed the agreement with the plaintiff unless the plaintiff also signed the same, and that such was the understanding and agreement between them at the time it was signed; but at the trial there was no testimony offered in support of this averment, and the court does

not find that any such statement or agreement was made, the finding being that the plaintiff and defendant did enter into the contract on the sixteenth day of May, 1888, and "that plaintiff inadvertently omitted to sign said contract, but that he always considered himself and intended to be bound thereby."

The agreement was prepared by the direction and in the presence of both parties, on the 16th of May, 1888. It was at that time signed by the defendant, who received from the plaintiff the sum of one thousand dollars as part consideration for its execution, and who then delivered it to the plaintiff. The plaintiff accepted the same from the defendant, and caused it to be recorded in the office of the county recorder. These acts made a contract binding upon both parties, even without the signature of the plaintiff. Necessarily the oral negotiations between the parties preceded the formulation of their agreement into the written instrument. When the terms of their agreement were reduced to writing the contract became definite, and in the absence of the statute of frauds, became binding upon both parties. (*Dutch* v. *Mead,* 36 N. Y. Super. Ct. 427.) The signature of the vendor was all that was required to satisfy the statute of frauds. The delivery of this instrument and its acceptance by the vendee made the contract binding upon him also. The execution of the agreement by the vendor, and its delivery to the vendee, created an obligation upon the vendor, which was a consideration sufficient to make the verbal agreement on the part of the vendee to pay the purchase price of the land binding upon him also. (*Vassault* v. *Edwards,* 43 Cal. 464; Reed on Statute of Frauds, sec. 391; *McDonald* v. *Huff,* 77 Cal. 279; *Lowber* v. *Connit,* 36 Wis. 183; *Brandon Mfg. Co.* v. *Morse,* 48 Vt. 322; *Reuss* v. *Picksley,* L. R. 1 Ex. 352; *Grove* v. *Hodges,* 55 Pa. St. 504.)

In *Grove* v. *Hodges,* 55 Pa. St. 504, the agreement as executed was binding upon the vendor only. It was

delivered to and accepted by the vendee, and its validity was assailed upon the ground that it was not executed by the vendor. The court, however, held it valid, saying: "If Irwin accepted the grant, he accepted it with its expressed conditions, and the contract became binding upon him to precisely the same extent as it would have been binding if he had personally signed and sealed the instrument. The mode of enforcing his obligations is different, but the duty is the same. It is assuredly plain law that if a party who has not put his name to a written contract accepts it when signed by the other party, it binds him the same as if he had signed it. The legal principle that contracts must be mutual, that they must bind both parties or neither, does not mean that in every case each party must have the same remedy for a breach by the other. Covenant may lie against one, when only *assumpsit* can be maintained against the other. Nor does the principle mean that when a contract is written each party must sign it. The engagement of one may be in writing, and that of the other rest in parol, even when the contract is wholly executory."

3. The contention of the plaintiff that the contract was merged in the deed is also untenable. The plaintiff, by the execution of the contract of May 16th, had a valid obligation against the defendant for the conveyance of a tract of land. That obligation could not be satisfied by the conveyance of a part of the tract, any more than would the payment of a money obligation be satisfied by the payment of a part thereof. Whether the conveyance of a part was made with or without controversy between the parties is immaterial. Unless it was accepted in satisfaction of the agreement, the unexecuted part of the original agreement remained in full force. An agreement for the conveyance of one hundred acres of land, except by an agreement between the parties, cannot be satisfied by a conveyance of fifty acres. (Civ. Code, secs. 1477, 1524.)

4. There was no error in admitting in evidence the testimony of the witnesses objected to.    Their testimony was for the purpose of pointing out to the court and defining the property which was the subject of negotiation between the parties, and which was imperfectly described in the contract, in order that the court might determine whether the defendant, by the conveyance and bill of sale which he had executed, had fully complied with his agreement.    (Code Civ. Proc., sec. 1860.)

The judgment and order denying a new trial are affirmed.

DE HAVEN, J., PATERSON, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.

Rehearing denied.