[No. 14525. In Bank. — March 28, 1892.]

## CHRISTIAN KURTZ, RESPONDENT, *v.* JAMES M. FORQUER ET AL., APPELLANTS.

JOINT AND SEVERAL BOND — PARTIES. — All or any of the obligors upon a joint and several bond may be included in the same action, at the option of the obligee.

ID. — BOND UPON BUILDING CONTRACT — EXECUTION — OMISSION OF PRINCIPAL TO SIGN — LIABILITY OF SURETIES. — A joint and several bond, conditioned for the faithful performance by the principals named therein of a building contract with the obligee, purporting to be the bond both of the principals and of the sureties, but signed by the sureties only, is not rendered invalid as against them by the omission of the principals to sign, they being already bound by the contract referred to in the bond, and the bond having been delivered by the sureties to the obligee without the signatures of the principals.

ID. — ACTION UPON BOND — EVIDENCE — BUILDING CONTRACT. — In an action upon such bond, the building contract referred to in the bond is admissible in evidence against the sureties.

ID. — PLEADING — MISDESCRIPTION OF BOND — EXHIBIT — IMMATERIAL
    VARIANCE — DEMURRER FOR AMBIGUITY. — Where the complaint in an
    action upon such bond averred the execution of the bond by the princi-
    pals and sureties named therein, but an exhibit of the bond attached to
    the complaint, and made part thereof, shows the omission of the princi-
    pals to sign the bond, and corresponds to the bond given in evidence,
    and the case was fully tried upon its merits, the variance between the
    allegation and the evidence is not so material as to justify a reversal of
    a judgment against the sureties, although the complaint might have
    been successfully assailed by a special demurrer upon the ground of am-
    biguity.
APPEAL — ORDER REFUSING TO STRIKE OUT EVIDENCE — INSUFFICIENCY OF
    RECORD. — The refusal of the trial court to strike out a judgment roll,
    which had been admitted in evidence, cannot be considered upon appeal,
    where there is nothing in the record to show what was the judgment
    roll admitted.

APPEAL from a judgment of the Superior Court of
San Bernardino County, and from an order denying a
new trial.

The facts are stated in the opinion of the court.

*Willis, Cole & Craig*, for Appellants.

The objection to the introduction in evidence of the
bond should have been sustained, as it was a different
instrument from that set out in the complaint. It is a
well-settled rule that the *allegata* and *probata* must cor-
respond. (*White* v. *Douglass*, 71 Cal. 115; *Mondran* v.
*Goux*, 51 Cal. 151; *Von Drachenfels* v. *Doolittle*, 77 Cal.
295; *Bryan* v. *Tormey*, 84 Cal. 126; *Stout* v. *Coffin*, 28
Cal. 65; *Hathaway* v. *Ryan*, 35 Cal. 188; *Hopkins* v. *Orcutt*,
51 Cal. 537; *Moore* v. *Tice*, 22 Cal. 515; *Christian College*
v. *Hendley*, 49 Cal. 347; *Tomlinson* v. *Moore*, 41 Cal. 94;
*Reinhart* v. *Lugo*, 75 Cal. 639.) The bond annexed to the
complaint purports to be the joint bond of principal and
sureties, and is signed only by the sureties. It creates
no liability. (*Sacramento* v. *Dunlap*, 14 Cal. 421; *People*
v. *Hartley*, 21 Cal. 585; 82 Am. Dec. 758.)

*Paris & Fox*, for Respondent.

The court did not err in overruling the defendant's
objection to the introduction of the bond, as it was

indentical with the one declared on and set out in full in the complaint. But even if there had been any variance, it was immaterial. (Code Civ. Proc., secs. 469, 475.) The objection to the admission of the judgment roll, even if it were error, cannot be considered, as neither the nature of the action nor the parties to it appears in the record here. (*Dyer* v. *Leach,* 91 Cal. 191.) The bond declared on is joint and several, and therefore any or all of the sureties might be included in the action, at the option of the plaintiff. .(Code Civ. Proc., sec. 383. See also *People* v. *Love,* 25 Cal. 522; *Mendocino Co.* v. *Morris,* 32 Cal. 148; *People* v. *Evans,* 29 Cal. 436; *Sacramento* v. *Dunlap,* 14 Cal. 421; *People* v. *Hartley,* 21 Cal. 585; 82 Am. Dec. 758.)

McFARLAND, J. — This is an action upon a bond alleged to have been executed by the defendants Forquer and Deyo as principals, and the defendants Allen, Smith, and Stewart as sureties, conditioned for the faithful performance by Forquer and Deyo, of a certain contract, by which they agreed to build and deliver to plaintiff, free of indebtedness, liens, etc., a certain house. Judgment went for plaintiff against Allen, Smith, and Stewart, and they appeal from the judgment, and from an order denying a new trial.

1. The bond purports to be the bond of all the defendants, but it was in fact signed only by Allen, Smith, and Stewart; and it is contended that it created no liability against appellants, because not signed by Forquer and Deyo. *Sacramento* v. *Dunlap,* 14 Cal. 421, and *People* v. *Hartley,* 21 Cal. 585, 82 Am. Dec. 758, are cited to this proposition; but they are not in point, because in those cases the bonds sued on were strictly joint, and not several; while in the case at bar the obligation is expressly joint *and* several. (*People* v. *Love,* 25 Cal. 530.) In such case the obligors " may all, or any of them, be included in the same action, at the option of the plaintiff (Code Civ. Proc., sec. 383.)

Where several persons are named in the body of an

instrument as parties thereto, it is not necessarily invalid, as against those who have signed it, because others named have not signed. Such a result would follow where it appeared on the face of the instrument, or by proof, that the person sought to be charged signed upon the consideration that other persons named would also sign. (*Cavanaugh* v. *Casselman,* 88 Cal. 549.) Nothing of the kind, however, appears in the case at bar. The three sureties, who stood on the same footing, did sign the instrument; and it is evident that the signatures of the principals, who were already bound by the contract referred to in the bond, were not necessary as a consideration. Moreover, appellants delivered the bond, without the signatures of the principals, to the plaintiff. We think, therefore, that the sureties were liable, so far as this point is concerned.

2. There was no error in the admission in evidence of the written building contract between Forquer and Deyo and plaintiff. The bond referred to such a contract, and it was proper to show what it was.

3. It is contended that there was a fatal variance between the averment of the complaint and the proof, on the ground that the former shows a bond executed by Forquer and Deyo *and* the other defendants, while the bond offered in evidence was not executed by said Forquer and Deyo. Strictly speaking, it is perhaps doubtful if there was a variance; because, while in the body of the complaint it is averred that the principals executed the bond, a copy of the bond which is attached as exhibit A, and made a part of the complaint, shows that it was not signed by the principals, and the bond offered in evidence was identical with exhibit A. This was undoubtedly bad pleading, and the complaint could, perhaps, have been successfully assailed by a special demurrer on the ground of ambiguity; but it is not clear that exhibit A cannot be considered on the point of variance. Assuming, however, that there was such a variance as is contended for, we think it was immaterial within the meaning of section 469 of the Code of Civil

Procedure, which provides that "no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." The case was fully tried on its merits; and we do not see how appellants were misled, or in what different position they would have been if the body of the complaint had corresponded exactly with the exhibit. It would be a vain thing to reverse the judgment in order to allow the plaintiff to make an amendment to his complaint which would in no material way change the positions of the parties or the merits of the case.

4. Appellants assign as error the refusal of the court to strike out a certain judgment roll which had been admitted in evidence. With respect to this point, it is sufficient to say that as there is nothing in the record to show what said judgment roll was, we cannot say whether or not it was error to admit it. (*Dyer* v. *Leach*, 91 Cal. 191.)

5. As to the merits of the case we see no reason to disturb the judgment. There was sufficient evidence to support the findings that there were unsatisfied indebtedness and liens created by the contractors to the extent found by the court, and that the amount of money to be retained by plaintiff on the building contract was appropriated to the satisfaction of liens and indebtedness against the building.

The judgment and order appealed from are affirmed.

DE HAVEN, J., SHARPSTEIN, J., HARRISON, J., GAROUTTE, J., and PATERSON, J., concurred.