[Sac. No. 4518. In Bank.—February 8, 1932.]

F. H. HUDEMANN, as Executor, etc., Respondent, v. D. D. DODSON, Appellant.

James T. Matlock and Huston, Huston & Huston for Appellant.

McCoy & Wetter for Respondent.

CURTIS, J.—This is an appeal from a judgment setting aside three certain deeds and an assignment of mortgage. All of said instruments bear date April 16, 1929, and were executed by Charles A. C. Hudemann in favor of D. D. Dodson, the defendant herein. Thereafter, and on the seventeenth day of May, 1929, the said Charles A. C. Hudemann died, leaving a last will and testament in which F. H. Hudemann was named as executor, and on June 14, 1929, said will was admitted to. probate and F. H. Hudemann was appointed executor of the last will of Charles A. C. Hudemann, deceased. In that capacity the plaintiff instituted this action to set aside said three deeds and said assignment of mortgage on the grounds of want of consideration, undue influence and nondelivery. The answer of the defendant denied these charges. The case was tried by the court without a jury. Findings of fact were made by the trial court, which were in favor of the plaintiff and against the defendant upon all of the issues made by the pleadings. Upon these findings the court entered the judgment from which this appeal is taken.

Practically the sole contention of the appellant is that the findings are not supported by the evidence. The facts are not complicated. The deceased lived at Cottonwood, Shasta County, located about sixteen miles north of Red Bluff, the county seat of Tehama County. He owned various small pieces of property some of which were in Cottonwood and others were in Red Bluff. The defendant who resided at Red Bluff had for seven or eight years known the deceased and had looked after his property in Red Bluff, collected the rents, attended to the repairs, and paid the insurance and taxes on the Red Bluff property, during which time he had effected two sales of real property belonging to the deceased. At the time of the execution of said deeds and assignment the deceased was seventy-three years of age and was sick in mind and body. About a month prior to the execution of said papers on account of his enfeebled condition he had been taken from his home at Cottonwood and placed in a hospital at Red Bluff, and was in said hospital at the time he signed said deeds and assignment. While in said hospital he was visited by the defendant two or three times a week. According to the testimony of the defendant on the occasion of one of these visits the deceased made an offer to sell to the defendant all of deceased's property, and that following this offer they came to an agreement by the terms of which the deceased was to convey to defendant all of the former's property and the defendant was to pay deceased the sum of $200 per year, payable quarterly as long as the deceased should live; that the defendant sent for his attorney, W. A. Fish, who prepared the three deeds and the assignment of mortgage, took decedent's acknowledgment thereto and thereafter deposited them with the Bank of Tehama County at Red Bluff to be delivered to defendant upon the death of the deceased. The defendant also testified that following the execution of the three deeds and assignment of mortgage, he executed a promissory note in favor of the deceased for the payment of $50 every three months during the decedent's lifetime. The evidence further shows that some ten days after the events just related the deceased, his health apparently having improved, was taken by the defendant to his home in Cottonwood, where he died on May 17, 1929, about three weeks after leaving the hospital. After his death the three deeds, the

assignment of mortgage, together with the promissory note and mortgage assigned, and the promissory note executed by the defendant in favor of the deceased, were found in the Bank of Tehama County. The amount of the promissory note secured by the mortgage assigned by deceased to defendant was $1100. The court found that the value of the property transferred to defendant by the deceased, including said promissory note of $1100, was $3,300. No payment was ever made by the defendant on said promissory note executed by him in decedent's favor, and which was payable during decedent's lifetime at the rate of $50 quarterly. In fact, nothing was due on said note at the time of decedent's death as three months had not then elapsed since the execution of the note. The defendant did pay after the execution of the papers mentioned and before the death of deceased the sum of $3.10 for repairs on property described in one of said deeds. This was the only expenditure made by the defendant which might be regarded directly or indirectly as a consideration for the execution of said deeds and assignment.

As the court by its judgment set aside these three deeds and assignment on the ground of want of consideration, undue influence and nondelivery, said judgment will not be disturbed on appeal if the evidence before the trial court is sufficient to sustain any one of these three grounds. While an examination of the evidence convinces us that it is sufficient to support all three of the grounds upon which the judgment rests, we will only consider in detail one of said grounds, that of nondelivery of said deeds and assignment of mortgage.

The defendant testified that these papers upon their execution were to be deposited with the Bank of Tehama County to be delivered to him upon the death of the decedent. It is further shown that these papers were immediately after the death of the decedent found deposited with said bank. The last defendant saw of said papers during the lifetime of the deceased was when they were taken in charge by Mr. Fish, the attorney, immediately after they were executed by the deceased. According to the testimony of the defendant, ''Mr. Fish took charge of the papers and made an escrow agreement, and he placed them in the Bank of Tehama County.'' Just what the terms of

this escrow agreement were or the conditions upon which the papers were placed in the Bank of Tehama County was not shown at the trial. Neither Mr. Fish nor any officer of the bank was called as a witness. Even if it be conceded that the court from the evidence as just detailed might have inferred that the deeds and assignment were delivered in escrow with the bank to be delivered to the defendant upon the death of the deceased, and therefore there was a valid and legal delivery of these papers to the defendant, there is other and further evidence which in our opinion is in direct conflict with such an inference. After testifying that Mr. Fish took the papers in charge and deposited them in escrow with the bank, the defendant further testified that these papers were in the control and possession of the deceased during his lifetime. Referring to his testimony upon this subject we find it to be as follows: "Q. Now, the agreements that you mention that were made with Mr. Hudemann [the deceased] were just verbal, were they? A. Well, I executed a note and agreement to accompany the deeds. Q. Except then for that note, your agreements were just verbal? A. Yes, the preliminaries were all verbal. Of course, he had control in that the papers were really in his control and possession. Q. That is, you mean they continued in his control and possession during his life, is that true? A. That is it."

If this testimony is true, and the trial court had the right to so regard it, it is quite evident that there was no valid delivery of the papers sufficient to transfer the legal title of the property therein described from the decedent to the defendant. It is, of course, elementary that delivery of an instrument is a prerequisite to its validity and its binding effect upon the party signing the same. Without delivery it is a mere scrap of paper and is ineffective for any purpose. (*Williams* v. *Kidd*, 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1]; *Gould* v. *Wise*, 97 Cal. 532 [32 Pac. 576, 33 Pac. 323].) Where the delivery of a deed or other written instrument is made to a third person for the benefit of the grantee or other beneficiary therein named, the grantor or party making the delivery of the instrument must release all control over the same and all right to recall or repossess the instrument delivered. The rule is thus stated in California Jurisprudence, volume 9, page 162:

"To complete a valid delivery of a deed, the grantor must give up all power of control and dominion over it, and without reserving any right to recall or revoke it, in any event and for all time." It is clear from the authorities upon the subject that deeds and assignment of mortgage involved herein were never legally delivered to the defendant nor to the Bank of Tehama County for the use and benefit of the defendant. They were, therefore, ineffective to convey any title to the property which they purport to convey from the decedent to the defendant or for any other purpose. The finding of the court, therefore, that there was no delivery of the deeds and assignment of mortgage must be sustained.

Judgment is affirmed.

Preston, J., Langdon, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.