[Civ. No. 8804. Second Appellate District, Division One.—March 28, 1935.]

ANTHONY MACARONI COMPANY (a Corporation), Appellant, v. SALVATORE NUNZIATO, Respondent.

Arthur Lasher for Appellant.

Lavelle & MacKinnon for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff sued for $6,000 rent for the period from October 1, 1930, to July 1, 1931, on a written lease, made in July, 1928, between Ralph Raulli and Anthony Bizzari, as lessors, and respondent Salvatore Nunziato, as lessee. Only Raulli and Nunziato signed this lease, and the case presents the question of the liability of a lessee under a lease executed by only one of the two named lessors. The complaint alleges that at the time the lease was made Raulli and Bizzari were owners as tenants in common of the property leased; that thereafter Raulli transferred his interest to Bizzari; and that Bizzari and his wife afterward transferred the lease to appellant.

Among other defenses pleaded in the answer, it is alleged that respondent in July, 1928, purchased a macaroni business from Raulli under an agreement which provided that Raulli would assign to respondent an existing lease on the premises in which the business was carried on; that thereafter Raulli requested respondent to accept a new lease between him and Bizzari, as lessors, in lieu of an assignment of the existing lease; that respondent agreed to accept such lease provided that it was signed by both Raulli and Bizzari; that respondent had entered into possession of the premises under Raulli's agreement to procure the assignment of the first lease, and executed the lease sued upon only on condition that it would be signed by Bizzari; that Bizzari never signed it but that respondent was willing until March, 1930, to accept either the assignment of the lease as originally agreed upon, or the new lease executed by both Raulli and Bizzari, but that he could not obtain either, and that he removed from the premises in October, 1930.

The trial court found all of the foregoing facts to be true and gave judgment for defendant.

The principal ground urged by the appellant on its appeal from the judgment is that the respondent is bound by the terms of the lease although only one of the two owners of the property ever signed it. It is contended that the findings of the trial court that the lease was never executed or delivered are not supported by the evidence.

In the case of *Winter* v. *Kitto*, 100 Cal. App. 302 [279 Pac. 1024], the court considered a contract which had not been executed by all of the parties between whom it purported to have been made and said: "It has been held that

where an instrument has been executed by only a portion of the parties between whom it purports to be made it cannot be enforced against those who have executed it. (*Tewksbury* v. *O'Connell,* 21 Cal. 60; *Barber* v. *Burrows,* 51 Cal. 404; *Jackson* v. *Torrence,* 83 Cal. 521 [23 Pac. 695]; *Olson* v. *Lovell,* 91 Cal. 506 [27 Pac. 765]; but, as the court said in *Cavanaugh* v. *Casselman,* 88 Cal. 543, 549 [26 Pac. 515, 517]): 'It is not the rule that a contract which on its face purports to be *inter partes* must invariably be executed by all whose names appear in the instrument before it will be binding on any. One reason why it is held in many of the cases that an agreement is not to be operative upon one until it has been signed by another, is that such signing is the consideration upon which the first signer agrees to be bound; but when a sufficient consideration for the agreement on the part of the first signer is shown to authorize its enforcement he cannot be released therefrom unless he shall show clearly that there were other considerations for his signing the agreement than those named in the instrument.' The court in the same connection quoted with approval the following from Bishop on Contracts, section 348: 'If by parol stipulation, or *a fortiori* if by the writing itself, the contract was not to be deemed complete until other signatures should be added, it without such addition will not bind those who have signed it; but if nothing of this appears the parties signing will be holden though even on the face of it the signatures of others were contemplated by the draughtsman.' The same rule is stated in *Kurtz* v. *Forquer,* 94 Cal. 91 [29 Pac. 413]."

The finding of the trial court, based on conflicting evidence, that Nunziato agreed to accept the second lease only upon the condition that Raulli and Bizzari both signed it as lessors, cannot be challenged on appeal, and it supports the judgment that the defendant is not bound by the terms of the lease.

The judgment is affirmed.

Conrey P. J., and Houser, J., concurred.