[Civ. No. S. C. 38. Second Appellate District, Division One.—March 23, 1937.]

W. E. DEMING et al., Appellants, v. CATHERINE E. DAL-LETT SMITH, Respondent.

Troy Pace and W. P. Smith for Appellants.

O'Melveny, Tuller & Myers and Pierce Works for Respondent.

SHINN, J., *pro tem.*—When the mortgage note of W. E. Deming and Ruth Deming in the sum of $125,000, given in 1926, and thereafter extended, fell due in February of 1933, negotiations were instituted for its further extension. On May 17, 1933, an agreement was reached for the extension until January 1, 1935, of the maturity of the debt, which amounted, with interest and taxes computed to May 15, 1933, to the sum of $135,747.54. This agreement, signed by W. E. Deming, owner of the property, his wife, Ruth Deming, and respondent Catherine E. Dallett Smith, in the form of written instructions to a title company as escrow holder, was accompanied by a grant deed of plaintiffs, appellants, to said respondent, holder of the note.

On December 31, 1934, this action was commenced to enjoin delivery of the deed by the escrow holder. A temporary restraining order which was granted upon the filing of the complaint was later dissolved, and the deed was delivered to the grantee out of the escrow.

Defendants answered and Catherine E. Dallett Smith filed a cross-complaint to quiet title, which plaintiffs answered. Upon the trial, defendants' motion for judgment on the pleadings (the complaint and answers thereto) was granted. Trial proceeded upon the cross-complaint and answer thereto and judgment thereon was given in favor of cross-complainant, Catherine E. Dallett Smith, quieting her title to the land. Plaintiffs appeal.

The escrow instructions provided that the grant deed was to be delivered: (a) To the grantors or their order if the debt and advances should be paid on or before January 1, 1935; (b) to the grantors upon failure of the escrow holder for a period of three successive months to receive the rentals of the property to be applied on the debt, and in the further event that Catherine E. Dallett Smith, by reason of said default, should institute an action for the foreclosure of the mortgage; (c) to the grantee, Catherine E. Dallett Smith, if the debt should not be paid in full on or before January 1, 1935.

Appellants contend correctly that judgment on the pleadings should not have been given against them if their complaint stated sufficient facts to entitle them to all or any part of the relief which they sought. In their complaint they set out the escrow instructions to the title company. They make

the contentions, among others, that the deed could not operate as a transfer of title because it was not delivered, and also that it was given as security only and therefore should be construed as a mortgage.

They base their first contention on the fact that the deed was delivered into escrow conditionally, in that, upon the happening of either of two events as stated, the deed was to be returned to the grantors. The right of the grantors to reclaim the deed upon payment of the debt or upon the institution of an action to foreclose the mortgage by the grantee had the effect, so appellants claim, of retaining in the grantors a right of dominion and control over the escrow holder, with reference to the delivery of the deed, which robbed the transaction of an element essential to a valid delivery through escrow.

"The true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor intended thereby to divest himself of the title. If he did, there was an effective delivery of the deed. If not, there was no delivery." (*Williams* v. *Kidd,* 170 Cal. 631, 638 [151 Pac. 1, 3, Ann. Cas. 1916E, 703].) If in delivering the deed to the escrow holder the grantors reserved the right to recall the deed upon the happening of certain events, there was no delivery. (*Kenney* v. *Parks,* 125 Cal. 146 [57 Pac. 772].) If in parting with possession of the deed they gave up all power of control and dominion over it, there was a delivery. (*Hudemann* v. *Dodson,* 215 Cal. 3 [7 Pac. (2d) 997]; *Bury* v. *Young,* 98 Cal. 446 [33 Pac. 338, 35 Am. St. Rep. 186]; 9 Cal. Jur. 162.)

Under the instructions given to the title company, the grantors parted with all control over the deed as that expression is used in the cases. Control passed to the escrow holder, to be exercised in accordance with the instructions. Because of the conditions under which the deed was held in escrow, there was no immediate vesting of title in the grantee, but when the deed was delivered to the grantee out of escrow, title passed as of the effective date of the agreement under which the deed was delivered into escrow. (*Conneau* v. *Geis,* 73 Cal. 176 [14 Pac. 580, 2 Am. St. Rep. 785]; *Newport Bay Dredging Co.* v. *Helm,* 120 Cal. App. 127 [7 Pac. (2d) 1039].) Appellants contend that they did not part with control over the deed because they had the right to

withdraw it from the title company upon payment of the amount of the debt and advances on or before January 1, 1935. But this right was not one which affected the sufficiency of the delivery to the grantee upon the failure of the grantors to pay the debt within the stipulated time. When the deed was placed in escrow the grantors had made up their minds to part with title to the property in the event they failed to pay the debt within that time. They reserved the right to pay the debt, but they did not reserve the right to change their minds or their instructions with reference to the delivery of the deed through the escrow. In *McDonald* v. *Huff*, 77 Cal. 279 [19 Pac. 499], it was held that a deed of a mortgagor, placed in escrow for delivery to the mortgagee in the event the indebtedness of the grantor was not paid within a given time, was effectively delivered where the debt was not paid and the deed was delivered to the grantee out of the escrow in accordance with the instructions. The authority of that case has not been questioned in later decisions and is decisive upon the point.

The second contingency in which the deed was to be returned to the grantors was one in which the grantee, after default in the payment of rentals for a period of three months, should institute an action to foreclose the mortgage. This provision of the instructions is relied upon by appellants as attaching to the deposit of the deed in escrow a condition which invalidated the act of delivery to the grantee through escrow. It is contended that because the deed in such event was to be returned to the grantors, they retained some measure of control over it, and that its delivery into escrow was therefore not absolute. This condition, however, did not detract from the finality of the act of the grantors in placing the deed in escrow. They had no right to recall it. It was alleged in the complaint that the rentals in question had been assigned and were payable to the title company. Their payment was not optional with the grantors. The right of election was with the grantee to foreclose the mortgage or not, in the event of default. The grantors had no choice in the matter. The situation was not different in principle from one in which a grantor, selling through an escrow, is entitled to the return of his deed upon failure of the buyer to pay the purchase price. The control of the situation is with the buyer.

We conclude, therefore, that so far as the element of conditional delivery is concerned, no facts were stated in the complaint which would have rendered invalid the delivery of the deed out of the escrow.

It is next urged that the deed was given only as a mortgage and as additional security for the debt. The complaint, however, did not allege that the parties had that intention, nor did it allege facts from which such intention can be inferred. It was alleged that ''the execution and delivery of said grant deed, as aforesaid, was not intended to and it did not terminate and/or discharge the obligation owed by plaintiffs to defendant Catherine E. Dallett Smith''. It is quite clear that the delivery into escrow did not discharge the debt and that the relation of debtor and creditor continued. It was not alleged whether it was intended that the delivery of the deed out of escrow should satisfy the debt. The conveyance, however, would have placed the legal title in the mortgagee. Therefore, in the absence of an intermediate estate or of equitable considerations sufficient to make it appear that no merger was intended, the mortgage lien would have become merged in the legal title and the debt would thereby have been extinguished. Such must be presumed to have been the intention of the parties, in the absence of an allegation of a contrary intention. (*Anglo-Californian Bank* v. *Field*, 154 Cal. 513 [98 Pac. 267] ; 10 Cal. Jur. 606; Jones on Mortgages, 8th ed., vol. 2, p. 508.) The facts alleged were therefore insufficient to show that the deed was intended to operate as a mortgage. They show rather that it was intended as a conveyance of the entire estate of the grantors in satisfaction of the debt for which the mortgage stood as security. No interest in the property passed to the grantee under any other conditions.

Appellants advance another theory. It was alleged in the complaint that the deed was executed in great haste, without the grantors having had sufficient time in which to read it because of the insistence of the attorney for the grantee that it must be executed and delivered to the title company within a stated time, and because of the statement of the attorney that if it was not so delivered the mortgage would be foreclosed and a deficiency judgment would be taken against plaintiffs, W. E. Deming and Ruth Deming, as makers of the note. It was also alleged that the value of

the property exceeded the amount of the indebtedness by the amount of $281,850.

The circumstances under which it was alleged that the deed was executed were set forth at length, but reduced to substance, showed only that plaintiffs were hurried into the actual execution of the deed without sufficient time to consider the same and under the fear that the creditor would resort to legal proceedings for the collection of the debt if the deed were not given. As supporting their theory that the pressure thus exercised upon them, together with the great excess in the value of the property over the amount of the debt, would call for equitable relief for the rescission of the contract or by injunction to stay its enforcement, appellants cite *Bradbury* v. *Davenport*, 114 Cal. 593 [46 Pac. 1062, 55 Am. St. Rep. 92], which holds, in brief, that the transfer of a mortgagor's interest in land to the mortgagee in satisfaction of the mortgage debt will be held invalid if it appears that the consideration for the transfer was unreasonably small or if any unfair advantage was taken of the mortgagor in the transaction. Under the rule as thus stated, the burden is upon the mortgagee to show that the right of redemption was given up deliberately and for an adequate consideration. These rules, which enjoin upon the mortgagee the strictest duties of fair dealing in such transactions cannot be applied to the facts alleged in the complaint before us. Giving full effect to the allegation of the great value of the property, we are unable to discern any inequity in the transaction. Plaintiffs were fully competent. Without any payment on account of the principal of the debt they were allowed more than one year and seven months within which to dispose of their property at its reasonable value. It was not alleged that they were unable to do so, nor does it appear that they were hindered in any way in such efforts as they may have made to dispose of it. The agreement was not unfair in this respect. It did not have the effect of depriving plaintiffs of their property at an unreasonable or unfair price. The extension of time was for their benefit and it would appear that they were better off with it than they would have been without it. The mortgagee did not have to grant any extension. Negotiations had been carried on from the 1st of January until the middle of May. The mortgagee was free to withdraw from them at any time. Her insistence that plaintiffs either exe-

cute the deed or refuse to execute it, for the consideration of an extension of time, was but the assertion of her legal rights in the premises.

The complaint alleged that there was no consideration for the agreement under which the deed was placed in escrow. It may be conceded for our present purposes that the mere allegation that the agreement was wholly without consideration, standing alone, would be a sufficient allegation that no consideration was given for the agreement. But this allegation does not stand alone. It appears on the face of the complaint that from the 17th day of May, 1933, until the 31st day of December, 1934, plaintiffs had the benefit of the extension of the maturity of the debt. Having had the benefit of the forbearance of the creditor to enforce collection of the debt, how can they say that they have received no consideration? The facts alleged speak louder than the conclusions which plaintiffs draw from the facts. It is a familiar rule in the construction of pleadings that the conclusions of the pleader will be controlled by the particular facts alleged from which the conclusions are drawn. (*Little* v. *Union Oil Co.*, 73 Cal. App. 612 [238 Pac. 1066].) It sufficiently appears from the complaint that plaintiffs' agreement was not without consideration.

One of the defenses relied upon was laches, and this defense, in our opinion, was good. From May 17, 1933, to December 31, 1934, plaintiffs accepted the benefit of the transaction from which they seek to be relieved. They admit having received full knowledge of the terms of the agreement within a few days after it was signed. In fact, it was not alleged that they did not know of the contents of the instruments at the time that they were signed, but only that they did not have sufficient time to consider the same. They protested the terms of the agreement and sought a modification thereof, but their efforts were in vain. The mortgagee did not promise any new arrangement nor hold out any hope for one. No facts were alleged which could be deemed a legal excuse for the delay of one year and seven months in instituting action to avoid the agreement. Plaintiffs have had the full benefit in the form of an extension of time. This they cannot restore. It would be unjust to relieve them of the burdens of their obligations under these circumstances. The complaint in this respect failed to show sufficient grounds for equitable relief.

No error was committed in giving judgment on the pleadings in favor of defendants.

Judgment in favor of Catherine E. Dallett Smith upon her cross-complaint to quiet title was a necessary sequence to the failure of plaintiffs' attack upon the transaction. It may be added, however, that upon trial of the issue as to the value of the property, cross-complainant having assumed the burden of proof upon that issue, the finding of the court was that the property had a value of only $67,500 at all times between May 15, 1933, and January 18, 1935. It was further found that the deed was given and accepted in extinguishment of the mortgage debt and that plaintiffs were guilty of laches in delaying the institution of the present action. These findings are fully supported by the evidence.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.