[Civ. No. 18544. Second Dist., Div. Three. Dec. 10, 1951.]

ALICE F. HELPERIN, Appellant, v. WALTER
GUZZARDI, Respondent.

Lyman A. Garber for Appellant.

Leo K. Gold for Respondent.

SHINN, P. J.—Plaintiff, Alice F. Helperin, brought the present action against Walter Guzzardi to recover damages alleged to have been suffered by the failure and refusal of defendant to sell and convey to her real property in Beverly Hills upon which was located an apartment house. Plaintiff first sued for specific performance, but dismissed that action and instituted the present one. It was first tried before Honorable D. Oliver Germino, assigned by the Chairman of the Judicial Council to the Superior Court of Los Angeles County. That trial resulted in a judgment for the defendant upon findings that although defendant subscribed his

name to an agreement of sale, it was handed to a broker to be retained by him, as Guzzardi's agent, until Mrs. Guzzardi, who held title with her husband in joint tenancy, should consent to and sign the agreement, which she failed and refused to do. The court concluded that no contract was entered into between the parties for the sale and purchase of the property.

Judge Germino's assignment having expired, plaintiff's motion for a new trial was granted by another judge. Guzzardi appealed. The order was affirmed (95 Cal.App.2d 31 [212 P.2d 9]) in an opinion which properly stated the evidence in the light most favorable to the plaintiff whose motion had been granted. The action was retried before still another judge of the superior court. In all material respects his findings were the same as those of Judge Germino. The following facts, among others, were found. Plaintiff gave her check for $1,500 to one George Prindle, a real estate broker, and signed an offer to purchase the property for a price of $42,500, $15,000 to be paid in cash, the balance in the form of encumbrances on the property, and a second trust deed to be given by the buyer. Three copies of the agreement were taken by the broker to Walter Guzzardi, who signed the same; the property belonged to Guzzardi and his wife, Carolyn, as joint tenants, and Mrs. Guzzardi refused to sign the agreement; one copy of the agreement signed by Guzzardi was handed to Prindle to be held by him until such time as Mrs. Guzzardi should agree to join in the execution thereof; she did not sign or agree to sign the same; it was understood between Guzzardi and Prindle that the agreement would not constitute a binding contract or be made use of unless and until it was signed by Mrs. Guzzardi. Mr. Prindle respected the directions given him. He did not deliver it to plaintiff but placed it in an escrow opened with a bank where it would be available for the signature of Mrs. Guzzardi.

The record on appeal contains a settled statement of the evidence. The findings above referred to have support in the testimony of Mr. Guzzardi. Mrs. Guzzardi also testified that she refused to sign the agreement at the time her husband signed it, and that she told Mr. Prindle she did not want to sell the property and would not sign any papers. Inasmuch as the testimony of Mr. Guzzardi was complete and explicit with respect to the instructions given to Prindle and the understanding that acceptance of the offer was conditioned as related in the findings, it is unnecessary to engage

in any further discussion of the evidence. The fact that Mr. Prindle's testimony on this point was the exact opposite of that given by Mr. Guzzardi proves only that one of them was untruthful. Since the court believed Mr. Guzzardi, the case for our consideration is the same as if Mr. Prindle had not testified at all.

■ The findings support the judgment. ■ A contract in writing, signed by the parties, takes effect only upon delivery. (Civ. Code, §§ 1054, 1626.) ■ Deposit of a writing with a third party, for use only upon occurrence of a specified condition, is not a delivery if the condition does not occur. (*Dyson* v. *Bradshaw,* 23 Cal. 528; Rest. Contracts, § 101; Civ. Code, §§ 1054, 1057; cf. *Hotaling* v. *Hotaling,* 193 Cal. 368, 381 [224 P. 455, 56 A.L.R. 734].) ■ When an agreement is signed and handed over with the understanding that it will not be used or become operative until it is signed by another who is expected to join therein, it does not become a contract until the additional signature is obtained. (*Kurtz* v. *Forquer,* 94 Cal. 91, 94 [29 P. 413]; *Winter* v. *Kitto,* 100 Cal.App. 302, 306 [279 P. 1024]; *Anthony Macaroni Co.* v. *Nunziato,* 5 Cal.App.2d 588 [43 P.2d 315]; 17 C.J.S. 412.) The agreement may or may not name the expected signer as a party in order to come within the rule. Here no one was named in the body of the deposit receipt as the ''seller'' although that word appeared under Guzzardi's signature. Nevertheless the acceptance would have been incomplete without the signature of Mrs. Guzzardi and it was so understood by the broker.

Furthermore there was no delivery such as to result in the formation of a contract. The writing provided that the seller was to pay Prindle a broker's commission. If it had been a completed contract Prindle would have been the agent of both buyer and seller. By the oral agreement, Prindle became the special agent of Guzzardi with respect to possession of the writing and received it in that capacity. It was returnable upon demand when it became certain Mrs. Guzzardi would not sign it. The possession of Prindle was subject to the right of Guzzardi to recall the writing. ■ An instrument placed in the hands of a third party is not delivered as long as the signer retains control of it. (*Williams* v. *Kidd,* 170 Cal. 631, 637 [151 P. 1, Ann.Cas. 1816E 703]; *Hudemann* v. *Dodson,* 215 Cal. 3, 6 [7 P.2d 997].) ■ Whether it is a deed or other instrument, the intention of the depositor to part with or retain control is the de-

ciding factor. It is a question of fact. Upon the facts found and for the several reasons stated defendant was entitled to judgment.

The judgment is affirmed.

Wood (Parker), J., and Vallee, J., concurred.

A petition for a rehearing was denied December 28, 1951, and appellant's petition for a hearing by the Supreme Court was denied February 7, 1952.