[L. A. No. 26340. In Bank. June 29, 1961.]

VIRGINIA R. LOVE, Plaintiff and Appellant, v. JOE WHITE, Defendant and Respondent.

Eric A. Rose for Plaintiff and Appellant.

Crooks and Gunter, John E. Crooks and Jesse A. Hamilton for Defendant and Respondent.

McCOMB, J.—Plaintiff appeals from a judgment against her, and in favor of defendant in the sum of $1,897.25 on his counterclaim, in an action for claim and delivery.

*Facts:* On December 2, 1958, plaintiff, as the seller, and defendant, as the buyer, entered into a written contract for the sale and purchase of a business known as Carol's Cafe, including the stock in trade, fixtures, equipment, good will, and a lease held by plaintiff which would entitle defendant to possession of the premises for approximately five years, for a total price of $7,000.

The contract, in the form of an escrow agreement, provided among other things, that defendant would deliver to the escrow holder $3,000 cash, execute a conditional sales contract for $4,000 in favor of plaintiff, payable $100 per month, buy the inventory outside of escrow when he took possession of the premises, and make immediate application for all licenses necessary for the operation of the business; that plaintiff would accept the conditional sales contract as part of the purchase price, deliver a lease of the premises of approximately three years' duration, with a two-year option to renew, payable at a rental of $100 per month, and deliver to the escrow holder various instruments, including a bill of sale covering the stock in trade, fixtures, equipment and good will of the business; and that (1) possession was to be granted to defendant outside of escrow when agreed upon between plaintiff and defendant, (2) plaintiff warranted the premises would pass all inspections necessary for the operation of the business, and (3) if plaintiff, for any reason, refused or was unable to deliver the property to defendant as agreed in the instrument, she would refund to defendant all moneys deposited by him in escrow.

The agreement was executed December 2, 1958. Several days thereafter defendant deposited $1,500 in escrow; he did not take possession of the premises until January 20, 1959, but immediately made application for a beer license. On January 20, 1959, defendant took possession, paid outside of escrow directly to plaintiff the sum of $372.92 for stock on hand, and discovered certain defects in the equipment and the premises, which defects he caused to be repaired prior to obtaining a city license. For these repairs he paid the sum of $171.48.

On May 12, 1959, the escrow holder notified the parties that the escrow was ready to close. On May 25, 1959, plaintiff and defendant, meeting at the escrow office, were unable to agree concerning payment for the repairs. A dispute arose. Thereafter, plaintiff went to the bar to collect the May payment of $100 due under the conditional sales contract. After defendant paid the $100, plaintiff told him she was going to see her attorney if he did not pay the remaining $1,500 in escrow, waive any claim against her for the repairs, and permit the escrow to close.

The next day, May 26, defendant received a letter from plaintiff's attorney demanding immediate possession of the premises. The following day, May 27, plaintiff filed the present action, mainly in claim and delivery; and pursuant to a writ of possession the marshal took possession of the premises.

*Questions:* First. *Did the trial court err in awarding judgment to defendant on his counterclaim for $1,500, the amount deposited in the escrow?*

*Yes.* In this state the terms and conditions of an escrow must be performed. The doctrine of substantial performance does not apply, and no title passes prior to full performance of the terms of the escrow agreement. (*Hildebrand* v. *Beck*, 196 Cal. 141, 145 [1] et seq. [236 P. 301, 39 A.L.R. 1076]; *Todd* v. *Vestermark*, 145 Cal.App.2d 374, 377 [1] et seq. [302 P.2d 347].)

Applying the foregoing rule to the facts of the present case, it is clear that the title to the $1,500 which defendant had placed in escrow never passed to plaintiff, and therefore defendant could recover it from the escrow holder and was not entitled to a judgment against plaintiff for this amount.

There is nothing in the record to show that the $1,500 is not now in the escrow. Therefore, we need not consider the situation which would exist if the money had in fact been taken out of escrow with defendant's consent.

Second. *Did the trial court err in allowing defendant on his counterclaim the sum of $397.25 upon the theory that plaintiff had wrongfully converted fixtures and equipment of the beer tavern consisting of a bar, back bar, shuffleboard, cocktail sink, tap beer box, beer bottle box, stools, and miscellaneous items of personal property belonging to defendant?*

*Yes.* Under the terms of the escrow agreement the fixtures and equipment of Carol's bar and restaurant were part of

the assets defendant agreed to purchase through escrow under a conditional sales contract. Title thereto would pass to defendant neither under the agreement nor under the law relating to the passing of title in escrow transactions until all the conditions of the escrow had been performed and the escrow closed. (*Todd* v. *Vestermark, supra,* 145 Cal.App.2d 374, 377 [5] et seq.; cf. *Helperin* v. *Guzzardi,* 108 Cal.App.2d 125, 128 [2] et seq. [238 P.2d 141].) Since such contingency did not occur, defendant never acquired ownership of the property.

In addition, there is no evidence in the record as to the market value of the fixtures or other items for which the trial court allowed this amount.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.