**NOT FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT



FILED

JAN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEREOSCOPE, LLC, a California limited liability company; CRONKITE & KISSELL, LLC, a California limited liability company; CLINT CRONKITE; DAVID KISSELL, | No. 15-55370<br><br>D.C. No. 2:14-cv-05593-DDP-SS |
| Plaintiffs-Appellants, | MEMORANDUM[*] |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, a national banking association; KIM GALBRAITH, an individual; PAULA OSWALD, an individual; OLALEYE FADAHUNSI, an individual, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted December 9, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants Stereoscope, LLC, Cronkite & Kissell, LLC, Clint Cronkite, and David Kissell (collectively, "Stereoscope") appeal from the district court's dismissal of their complaint against Appellees U.S. Bank National Association, Kim Galbraith, and Olaeye Fadahunsi (collectively, "US Bank") arising from US Bank's handling of an escrow account. The district court dismissed Stereoscope's claims without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. "We review de novo the district court's decision to grant [a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (citing *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)). "We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.* at 1031. "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). The denial of leave to amend is reviewed for an abuse of discretion, but the question of futility of amendment is

---

[1]     US Bank's motion to strike portions of Stereoscope's reply brief is denied, and US Bank's request to file a supplemental brief is granted. US Bank's supplemental brief is deemed filed.

2

reviewed de novo. *United States v. United Healthcare Ins. Co.*, – F.3d –, 2016 WL7378731, at \*6 (9th Cir. 2016).

2.      Stereoscope's claim for intentional interference with contractual relations fails to state a claim upon which relief can be granted. Even assuming that Stereoscope adequately alleged that it had valid contracts with third parties, and that US Bank had knowledge of these contracts at the time of its alleged interference, Stereoscope did not adequately allege causation. *See United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) (reciting elements of claim), *cert. denied*, 135 S. Ct. 980 (2015). "It has been repeatedly held that a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, must allege . . . that the contract would otherwise have been performed." *Hahn v. Diaz-Barba*, 194 Cal. App. 4th 1177, 1196 (2011) (emphasis omitted) (quoting *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977)). Stereoscope's complaint does not include such an allegation. The complaint instead makes clear that Stereoscope's relationship with The Reserve Entertainment Group ("TREG") soured months before US Bank accepted the deposit of $500,000 into the Checkmate Escrow Account in April 2013, and indeed before any of the alleged fraud or misconduct by US Bank occurred.

3

3. Stereoscope's claim for intentional interference with prospective economic advantage fails for similar reasons. This claim has essentially the same elements as a claim for intentional interference with contractual relations, but additionally "requires proof that the defendant 'not only interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself.'" *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal. 4th 376, 393 (1995)). Not only do Stereoscope's own allegations defeat the causation element, Stereoscope's allegations do not indicate that US Bank's conduct "was wrongful by some legal measure other than the fact of interference itself." *Id.*

4. Stereoscope's negligence claim fails to state a claim upon which relief can be granted. California courts have consistently recognized that escrow holders do not owe duties to third parties to the escrow, even when those parties have an interest in the escrow that is known to the escrow holder. *See Summit Fin. Holdings, Ltd. v. Cont'l Lawyers Title Co.*, 27 Cal. 4th 705, 715–16 (2002), *as modified on denial of reh'g* (May 15, 2002); *Markowitz v. Fid. Nat'l Title Co.*, 142 Cal. App. 4th 508, 525–29 (2006). To determine whether US Bank owed Stereoscope a duty of care, we assess:

the extent to which the transaction was intended to affect [Stereoscope], the foreseeability of harm to [it], the degree of certainty that [Stereoscope] suffered injury, the closeness of the connection between [US Bank's] conduct and the injury suffered, the moral blame attached to [US Bank's] conduct, and the policy of preventing future harm.

*Summit*, 27 Cal. 4th at 715 (quoting *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)).  Applying these factors to Stereoscope's complaint reveals no duty owed by US Bank to Stereoscope.  Moreover, Stereoscope's complaint contains no allegations suggesting that departure from this rule is appropriate in this case.[2]

5.      Stereoscope did not allege that US Bank made an affirmative misrepresentation, and thus cannot state a claim for fraud by misrepresentation. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (reciting elements of fraud claim).  As for fraudulent concealment, California law recognizes that a duty to disclose can arise from a fiduciary relationship or from other types of relationships.  *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th

---

[2]      The cases relied upon by Stereoscope are not to the contrary.  *See Tribeca Cos., LLC v. First Am. Title Ins. Co.*, 239 Cal. App. 4th 1088, 1114–15 (2015) (finding that escrow agent did not breach its duty to the single party to the escrow when it returned funds to the depositor); *Love v. White*, 56 Cal. 2d 192, 194 (1961) (holding that where the plaintiff and defendant entered an escrow agreement, and title to funds placed in escrow by the defendant never passed to the plaintiff, the defendant should recover funds from escrow holder and not the plaintiff); *Todd v. Vestermark*, 145 Cal. App. 2d 374, 380 (1956) (suggesting that a third party's demand to the escrow holder is not payable absent an instruction from a proper party to the escrow).

1178, 1186–87 (2014), *as modified on denial of reh'g* (Aug. 13, 2014), *review denied* (Nov. 25, 2014). But a "commercial relationship . . . without more" will not suffice. *L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 832 (2015). Stereoscope conceded that US Bank did not owe it a fiduciary duty to disclose any allegedly concealed facts, and has not alleged facts demonstrating that its relationship with US Bank otherwise imposed a duty of disclosure upon US Bank.

6. Stereoscope challenges the district court's summary denial of leave to amend, but a "thorough review of the record" reveals that "granting leave to amend would have been futile." *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating when denial of leave to amend is warranted). At oral argument, Stereoscope did not identify any additional facts it could plead in order to state viable claims.

**AFFIRMED.**